JOSEPH D. HULBERT AND OTHERS *v.* ERWIN T. MASON.

.1. In an application under section 20 of chapter 2 of the municipal code, or under the provisions of chapter 55 or 56, to enjoin proceedings for the incorporation or annexation of territory, the case made before the commissioners, can not be retried upon its merits, and an injunction can not be allowed except for errors or irregularity in the proceeding, or inaccuracy in the description of territory sought to be incorporated or annexed.

:2. Such application is not in the nature of a bill in equity or of a civil action, but of a proceeding in error, and no appeal lies to the district court from the judgment of the court or judge allowing or refusing the injunction.

MOTION for leave to file a petition in error to the District Court of Ashtabula county.

On the 8th of December, 1874, the incorporated village of Ashtabula, in the county of Ashtabula, in pursuance of

the provisions of chapter 56 of the municipal code (66 Ohio L. 266), presented its petition to the commissioners of the county, asking for the annexation of certain adjacent territory to the village, a map of which territory was annexed to the petition. On hearing of this petition the commissioners made an order for the annexation, and a transcript of their proceedings, with the petition and plat, was filed with the county recorder, agreeably to the provisions of the act. Thereupon, and within the sixty days allowed by the act, a petition was filed by the plaintiffs in error, who are residents on the territory so sought to be annexed, in the court of common pleas of said county, against the defendant in error, the recorder of the county, to enjoin him from making a record of said transcript, petition, and map; and a provisional injunction to that effect was duly allowed by one of the judges of said court.

The petition sets forth, as the grounds upon which the injunction is sought, that if the territory in question should be annexed, it would make the village unreasonably large; that a large part of the territory is farming land, and some of it wild land; that part of the residents thereon reside more than three miles from the central place of business, and of the schools of the village; that a majority of the residents are opposed to the annexation, and that the village is largely indebted. The petition also alleges " that the commissioners in making said order for annexation committed great and manifest *errors;*" but it does not set forth or specify the errors otherwise than as aforesaid.

No answer was filed to this petition. On hearing by the court the injunction was dissolved, and the petition dismissed. The petitioners thereupon took the case by appeal to the district court, where a like judgment of dismissal and dissolution was rendered. Leave is now asked to file a petition in error to reverse the judgments of both courts.

*James Mason* and *Edward H. Fitch* and *Simons & Wade,* for the motion.

*T. E. Hoyt,* contra.

WELCH, C. J.    Chapter *fifty-six* of the municipal code, un-
der which this proceeding was had, provides for the annex-
ation of adjacent territory to a municipal corporation, on
the petition of the corporation, and directs that "upon such
petition being presented to the commissioners, like pro-
ceedings thereon shall be had, in all respects, so far as ap-
plicable, as are required under the provisions of chapter
*fifty-five.*"    Chapter *fifty-five* provides for the annexation of
such territory on petition of the inhabitants residing
thereon, and directs "that the same proceedings shall be
had thereon, and the same duties in respect thereto shall be
performed by the commissioners and other officers, as are
required in the case of application to be organized into an
incorporated village under the provision of chapter *two*"
of said code.    Substantially, therefore, the case is governed
by the provisions of chapter 2 of the municipal code (66
Ohio L. 150).    The petition of the plaintiffs was filed, as it
is claimed, under the provisions of section 20 of this chap-
ter, which provides:

"That any person interested may, at any time within
sixty days from the day of filing said transcript of the
commissioners and papers with the recorder as before pro-
vided, make application by petition to the court of common
pleas of the county, or the judge thereof if in vacation, set-
ting forth in such petition the *errors* complained of, or the
inaccuracy of said boundaries, or both, and praying an in-
junction restraining said recorder from making the said re-
cord and certifying the transcripts above required."

We think the petition was filed under a misapprehension
of the true meaning of this section.    It is only for "errors,"
or for inaccuracy of description, that the injunction can be
allowed.    The petition sets forth no errors in the proceed-
ing, nor does it allege any inaccuracy of description.    It is
not denied that the proceeding—the petition for annexation,
the map, the notice of the time and place of hearing, and
the hearing itself—were in strict conformity to the pro-
visions of the statute.    The case made in the plaintiffs' pe-
tition is simply, that under all the circumstances, "it is not

right and proper" that the annexation should be made. Whether it is "right and proper" that the annexation should be made is the very question which the act (sec. 14) submits to the "discretion" of the commissioners, without any provision for an appeal from their decision. What the plaintiffs in fact seek is to *appeal* from the decision of the commissioners. They seek to retry the case on its merits, instead of reviewing it for errors or irregularities. The latter, as we understand the statute, is all that it permits. The decision of the commissioners on the merits of the case is final. The proceeding allowed by section 20 is not in the nature of a bill in chancery, or of a civil action, but is a mere summary proceeding for the correction of errors and irregularities, and we suppose that no appeal from the decision of the judge or court allowing or refusing the injunction lies to the district court, and that the proper judgment there would have been a dismissal of the appeal.

We see no error in the proceeding to the prejudice of the plaintiffs.

*Motion overruled.*