M. W. STEWART, *as Treasurer of Wyandotte County, et al.*, v. DAVID J. ADAMS *et al.*

CITIES — *Extension of Boundaries* — *Void Ordinance.* Paragraph 1018, General Statutes of 1889, provides for extending the limits of cities of the third class by proceedings before the board of county commissioners when the territory sought to be added is not subdivided into parcels of five acres or less, but where so subdivided the territory may be added by ordinance only. Paragraph 884 provides for extending the limits of cities of the second class by proceedings before the judge of the district court when the territory sought to be added is subdivided into lots and blocks; otherwise, territory may be added by ordinance only. *Held*, That an ordinance of a city of either second or third class, purporting to extend its limits by adding lands not properly subdivided, is void; and such ordinance cannot be construed to be valid so as to include lands properly subdivided, and exclude all other lands.

*Motion for Rehearing.*

THE facts sufficiently appear in the opinion herein, handed down April 8, 1893.

*J. M. Asher,* for the city of Argentine; *H. A. Bailey,* for the board of education; *Hutchings, Keplinger & Miller,* and *Morgan & Riley,* of counsel for plaintiffs in error.

*White & Earhart,* for defendants in error; *Thos. J. White,* of counsel.

*Per Curiam:* Ordinance No. 115 was passed by the city of Argentine on May 14, 1889, while the city was a city of the third class. Ordinance 217 was passed on July 29, 1890, and published July 31, 1890, after the city had become a city of the second class. No other action has been taken by the city as a city of the third class than the passage of ordinance No. 115, nor as a city of the second class than the passage of ordinance No. 217, having for its object the extension of the original city limits so as to bring the property of plaintiffs below within its jurisdiction. It is conceded that if the property taxed has been added to the city, it was so added under and by virtue of the provisions of either ordinance No. 115 or No. 217. Upon the motion for a rehearing, it was earnestly and forcibly contended that all territory sought to be added by these ordinances to the city of Argentine which was subdivided into lots or parcels of five acres or less was taken in and made a part of the city thereby, even if it were conceded that the tracts of land exceeding five acres in extent not subdivided into lots or parcels were not added to the city. The title of ordinance No. 115 is as follows: "An ordinance extending the limits of the city of Argentine, Wyandotte county, Kansas, and declaring and defining the entire boundary thereof as changed by said extension."

Section 1 of the ordinance reads: "That the boundary of the city of Argentine, Wyandotte county, Kansas, shall include the territory of the original city of Argentine, described

as follows:" [Here is set out the boundary of the original city of Argentine.]

Section 2 reads: "That the limits of the city of Argentine are hereby extended so as to include all the territory, pieces and parcels of land lying, being and situated between the boundary of the following-described land:" [Here is described a boundary line around a portion of the prior city limits and other undescribed territory; this without regard to platted or unplatted tracts of land.] This section omits a tract of about 41 acres included within the original incorporated limits of the city of Argentine, by leaving it outside of the boundary line.

The title of ordinance No. 217 is as follows: "An ordinance reëstablishing and extending the city limits of Argentine, Kas." There are three sections only in this ordinance.

Section 1 reads: "That the limits of the city of Argentine are hereby reëstablished according to the following description:" [Here follows a boundary line, but included therein are several unplatted tracts of land exceeding five acres in extent.]

Section 2 repeals all ordinances in conflict therewith, and section 3 provides that the ordinance shall take effect upon its publication. The ordinance contains nothing more.

. Under the provisions of the statute, when a town or village is incorporated as a city of the third class, the board of county commissioners of the county in which such town or village is situate declares, upon proper proceedings before it, that the town or village is incorporated by a certain name, designating in the order the metes and boundaries thereof; and "thenceforth the inhabitants within such bounds, and such further territory as from time to time may be lawfully added thereto, shall be a body politic and corporate by that name, and they and their successors (except such corporation be lawfully dissolved) shall have perpetual succession." (Paragraph 923, Gen. Stat. of 1889.)

When cities of the second class are organized, the mayor and council of the city must make out and transmit to the

governor an accurate description of the metes and boundaries of all lands in the city and additions thereto, and the boundary is thereby established. (Paragraph 756, Gen. Stat. of 1889.) Therefore the boundaries of cities of the second and third class are not to be altered or changed by the mayor and city council, except authority is given by statute to add territory by ordinance "when the territory sought to be added is subdivided into lots or parcels of five acres or less." Additional territory may also be added to cities of the second and third class upon proper proceedings had in the second class before a judge of the district court, and in the third class before the board of county commissioners.

In ordinance No. 115, the boundary line left outside of the limits of the city a large tract of land formerly belonging to it, which the mayor and council had no authority to do. The claim that this court may construe these ordinances to add only the territory subdivided into lots or parcels of five acres or less, and omit undivided tracts or parcels, cannot be sustained on account of the provisions of the ordinances fixing the boundary of the city of Argentine. If either ordinance had merely added to the city of Argentine, as originally bounded, certain described lots or parcels of land, as is usual in such cases, there would be much force in the contention that the subdivided lots or parcels of five acres or less were added or taken in, while the tracts of land exceeding five acres not subdivided were not affected or included.

We are urged to declare, in the first instance, that the mayor and city council of Argentine did not intend to take into the city the tracts of unplatted land exceeding five acres in extent, although the ordinances, in establishing the boundary line of the city, embraced these tracts of unplatted land; and then we are further urged to declare that, after the mayor and city council of Argentine have fixed the boundary line of the city by ordinances, they intended thereby to establish another and wholly different boundary line than as stated in the ordinances. To give the construction desired, we must give an interpretation to the ordinances different from what

they read, and we must change the boundary line of the city of Argentine, as established by the ordinances, and make a new boundary line for the city. We do not think, in the form that the ordinances were drawn and passed, that we can make the changes suggested, by establishing a new and different boundary line. (Cooley, Const. Lim., § 230; *County Commissioners v. Carter*, 2 Kas. 115; *Hulbert v. Mason*, 29 Ohio St. 562; *City of Wyandotte v. Zeitz*, 21 Kas. 660; *United States v. Reese*, 92 U. S. 214; *United States v. Harris*, 106 id. 629; Sutherland, Stat. Constr. 238; *Allen v. Louisiana*, 103 U. S. 80; *People v. Porter*, 90 N. Y. 68; *Hinz v. People*, 92 Ill. 406.)

If we were to construe the ordinances as suggested, we would wipe them out and make a new one, establishing a new boundary line for the city, and by such boundary line leave out of the city large tracts of unplatted land included within the boundary line established by the ordinances. Instead of then having a regular boundary line as fixed by the ordinances, this court would declare a zigzag boundary line running in and out among various tracts of land, some platted and some unplatted, situated at different places within the boundary line originally fixed by the ordinances. This we cannot do. This would be legislation, not the exercise of judicial power.

The motion for rehearing will be denied.

HORTON, C. J., and ALLEN, J., concurring.

JOHNSTON, J.: I joined in the judgment of affirmance that was originally given, but the argument upon the rehearing convinced me that the last ordinance should be sustained, and the property sought to be annexed, and which has enjoyed special benefits, should be held to bear its just proportion of the public burdens. From the title of the ordinance and its provisions, it seems to me to have been the manifest purpose of the mayor and council to annex territory, and not to define and establish the boundaries of the city. Presumably they were doing that which they had the legal power to do,

and were not attempting to do that which the law does not permit. They had the power to add territory, and to do so an extension of the city limits was required. The title of the ordinance indicates that they were endeavoring to extend the limits so as to take in additional territory. In doing so, they described a line which embraced both platted and unplatted territory. The unplatted territory could not be annexed, but they had authority to annex that which was platted; and, although the effort to annex was somewhat bungling, I think the ordinance is effectual to annex that which could be legally annexed. Ordinances to annex territory frequently embrace and describe several tracts, and the failure to properly describe one tract has never been held to defeat the annexation of those which were properly described. So here, the fact that the new boundary line made by the council in its effort to annex embraced unplatted tracts of ground should not defeat the annexation of that which was subject to be annexed, and which was included within the limits as extended. I therefore think the rehearing should be allowed.

*Per Curiam:* The questions involved in the cases of M. W. STEWART *et al.* v. M. SCHOONMAKER *et al.*, No. 8353, and M. W. STEWART *et al.* v. O. D. BURT *et al.*, No. 8354, from the district court of Wyandotte county, are the same as those just decided in *Stewart v. Adams*, No. 8356, and the motions for rehearing in these cases will be overruled upon the authority of the opinion *Per Curiam* filed in that case.

JOHNSTON, J., dissenting.