## LOCKLAND (City) et v. SHAVER et.

Common Pleas Court, Hamilton County.

No. A-121859.   Decided December 28, 1950.

Charles M. Gowdy, Cincinnati, for City of Lockland.

G. Cornelius White, Cincinnati, for Village of Lincoln Heights.

Harry M. Jansen, Cincinnati, for City of Reading.

Philip J. Schneider and David Tarbell, Cincinnati, for defendants.

### OPINION

By WEBER, J.

This is an action brought by the plaintiffs, the city of Lockland, the village of Lincoln Heights and the city of Reading to enjoin the recorder of Hamilton County, Ohio, from making a record of the petition, plat and transcript of the proceedings before the trustees of Sycamore Township of the incorporation of the Village of Evendale and from certifying the same as provided by law. On May 17, 1950 the trustees of Sycamore Township ordered and declared said territory incorporated as the Village of Evendale. All of said papers relating to said incorporation were delivered on May 18, 1950 by said trustees to the Recorder of Hamilton County, Ohio, for record. A petition for an injunction was filed on May 26, 1950, that is, within ten days after delivery of said papers to the Recorder of Hamilton County. Said petition was filed under authority of §3526 GC and related sections, with reference to the incorporation of villages.

Sec. 3531 GC reads in part as follows:

"* * *, but no injunction shall be brought, as herein provided in case of filing the transcript with the county com-

missioners, unless the action be instituted within ten days from the filing of the papers by the trustees with the county recorder, * * *."

Sec. 3532 GC reads in part as follows:

"* * *, any person interested may make application by petition to the court of common pleas * * *, setting forth the errors complained of, or the inaccuracy of the boundaries, or that the limits of the proposed corporation are unreasonably large or small, or that it is not right, just, or equitable that the prayer of the petition * * * be granted, * * * and praying an injunction restraining the recorder from so making the record and certifying the transcript."

An amended petition was filed adding the agents of the incorporation as parties defendant. It also sets forth that there was error in the proceedings in that printed notices of the election were not posted in three or more public places, as required by §3527 GC; it also detailed the respects in which the territory incorporated is unreasonably large and detailed the respects in which the incorporation is not right, just, or equitable.

Upon a full hearing there was undisputed evidence that notices were posted as required by law. There was no complaint and no evidence that there was error in the proceedings in any other respect. There was undisputed evidence that at the time the question of incorporation was submitted to the voters of the territory to be incorporated there were ninety-eight registered electors in said territory, that seventy-nine voted at the election, seventy-eight for and one against incorporation.

The first question to be decided is whether the three municipal corporations are proper plaintiffs, that is, whether they qualify under §3532 GC as "persons interested." The statutory law of municipal corporations is found under Title 12. Division 1, Chapter 2 of said title provides for the manner in which villages shall be created. Sec. 4677 GC provides for the interpretation of said title 12 and said section is captioned "Enlarged Meaning of Certain Words" and reads in part as follows:

"In the interpretation of this title, unless the context shows that another sense was intended, * * * the word 'municipality' shall mean a municipal corporation; 'person' includes a private corporation."

It will be noticed that the definition of the word "municipality" as meaning a municipal corporation is immediately followed by a definition of the word "person" which expressly includes a private corporation. The maxim expressio unius est exclusio alterius is particularly applicable. The word

"person" as used in §3532 GC excludes a municipal corporation.

The basis of the claim of the plaintiffs that they are interested parties is concisely stated in their brief in the following language:

"The granting of this incorporation will pre-empt the possible expansion and growth of all the plaintiff corporations as the village of Evendale will include all the contiguous territory which lies along their boundaries."

This is also the basis of the claim that the territory included in the village of Evendale is unreasonably large and its incorporation is not right, just, or equitable. In support of this claim evidence was offered that the present population of Evendale is small and scattered; that most of the land is agricultural and is adapted for and has been zoned for industrial use; that there are at present three or four large industries and that the per capita tax duplicate of Evendale will be many times the per capita tax duplicate of each of the plaintiffs, particularly of Lincoln Heights; and further that Lincoln Heights will be deprived of an opportunity to acquire in the future suitable industrial space and convenient access to rail road facilities.

It is the opinion of the court that the word "interest" as used in the statute means that some legal right, title or interest of a resident of the territory newly incorporated, or perhaps, as held in the case of Hall v. Siegriest, 13 O. Dec. 46, of a resident of the part of the township remaining after such incorporation, will be adversely affected by the incorporation. None of the plaintiffs has such an interest. Approval of the claims of the plaintiffs in this case would be a holding that whenever the residents of certain territory desired to incorporate it as a village or annex it to another municipality, neighboring municipalities can require the court to reserve to each municipality, according to its speculative future needs, such part of said territory as will tend to equalize the per capita tax valuation of all the municipalities. No such principle is expressly or impliedly contained in the statutes.

For the above reasons the court holds that none of the plaintiffs is qualified (as a person interested) to maintain this suit.

It is therefore ordered, adjudged and decreed that the injunction be denied, that the amended petition be dismissed and that the Recorder of Hamilton County, Ohio, record and certify, according to the provisions of law, all the documents pertaining to the incorporation of the Village of Evendale which have been delivered to the Recorder by the Trustees of Sycamore Township.