**HOYE et, Plaintiffs, v. SCHAEFER, Recorder, etc., et, Defendants.**

Common Pleas Court, Franklin County.

Nos. 189975, 189976, 189977, 189978, 189979.   Decided September 13, 1957.

George, Greek, King & McMahon, for plaintiffs.
Thomas W. Applegate, C. Richard O'Neil, for defendants.

## OPINION

By GESSAMAN, J.

The above cases have been submitted to the Court upon the pleadings, the evidence and the briefs of counsel. We originally decided the cases on May 25, 1955, and allowed a permanent injunction on a jurisdictional question. The judgment was affirmed by the Court of Appeals but was reversed by the Supreme Court. **Hoye v. Schaefer, Recorder, 166 Oh St 277.**

Involved herein is the proposed incorporation of the Village of Franklin Heights. Each of the above plaintiffs filed suit to enjoin the defendant County Recorder from making the record and certifying the transcript, within the time specified in §707.20 R. C. The cases have been remanded to this court for further proceedings according to law.

Counsel for the defendants urge that by virtue of the provisions of §707.20 R. C., the only ground for petitions to this Court is that of error. This section is applicable because of the fact that the proceedings to incorporate were commenced with the trustees of Franklin Township. The pertinent part of §707.20 R. C., reads as follows:

"* * * No injunction shall be brought, as provided in §707.11 R. C., unless such action is instituted within ten days from the filing of the papers by the board of township trustees with the county recorder. The right of petition to the court of common pleas for error shall exist as provided in §§707.11 to 707.14, inclusive, R. C."

Under the rule that statutes or sections in pari materia are to be construed together, recourse may be had to the several sections or statutes for the purpose of arriving at a correct interpretation of any particular one. 37 O. Jur. 602, Section 333, Statutes. Such interpretation is necessary, in this instance, by virtue of the apparent intention of the General Assembly to permit the filing of a petition for an injunc-

tion upon any of the grounds enumerated in §707.11 R. C., in the first sentence of §707.20 R. C., quoted supra, and the conflicting language of the second sentence apparently limiting the ground to one. By this latter sentence "The right of petition to the court of common pleas for error shall exist as provided in §§707.11 to 707.14, inclusive, R. C."

First, we observe that this provision does not necessarily limit the clear implication of the prior sentence to the effect that the petition may be filed upon any or all grounds specified in §707.11 R. C. Furthermore, the right to petition the Court for error as provided in §§707.11 to 707.14 R. C., includes all of the grounds enumerated in those sections. If the General Assembly had intended to limit the ground to error alone, there would have been no need to use the words "as provided in §§707.11 to 707.14, inclusive, R. C." Furthermore, by using those words, it is our opinion that the word "error" was and is used in the broad sense to include all of the grounds enumerated in §§707.11 to 707.14, inclusive, R. C.

A further basis for this conclusion is found in the language used in part of §707.13 R. C., as follows:

"If no error is found in the proceedings before the board of county commissioners, and no inaccuracy in the boundaries, and if the court further finds that the limits of the proposed corporation are not unreasonably large or small, and that it is right, just, and equitable that the prayer of the petition presented to the board be granted, the petition for such injunction shall be dismissed."

In other words, it is clear from that language that the Court must find favorably for the incorporation on all four of those elements before it can dismiss the petition for the injunction. By the provisions of §707.13 R. C., the Court "Shall make an order enjoining the County Recorder from making the record" if it finds against the incorporation on any one of the four grounds.

Therefore, construing all of these statutes together,. it is clear that the word "error" found in §707.20 R. C., was used in a broad, rather than a narrow sense, and that it includes all of the grounds specified in §§707.11 to 707.14, inclusive, R. C.

Counsel for the plaintiffs contend that the map is inaccurate. The word "accurate" is defined in Webster's International Dictionary as: "free from error or defect." In our opinion the map is inaccurate in at least two respects; that is, it has two errors or defects.

On the map is a legend which specifies that Franklin Township is shaded in red. We find, however, that an area of .92 acres, known as the "Schlee School property" is shaded in blue which color, according to the legend, constitutes the City of Columbus. This is admittedly an error and in this respect the map obviously is inaccurate. The property is in Franklin Township. On the east edge of the southerly portion of Franklin Township there is a strip about three miles long and about seven hundred feet wide, that has not been shaded. It is true that for some reason the maker of the map ran a red line along the printed boundary line of the township, but it is also true that a large area which is part of the township, has not been shaded. This is an inaccuracy.

Sec. 707.15 R. C., requires that the petition for incorporation

"* * shall * * (B) Be accompanied by an accurate map of the territory; * *'" The petition in this case was not, as we have shown, accompanied by an accurate map. This constitutes error in the proceedings. In the case of **State, ex rel. Lantz, v. Board of Trustees of Franklin Township, 147 Oh St 256,** the Supreme Court denied a petition for a writ of mandamus to compel the trustees, among other things, to make a finding that "territory described in his petition be, with the assent of the qualified voters thereof, an incorporated village * *." The Court held that:

"The board of township trustees was warranted in refusing to accept the petition and map with conflicting descriptions of territory and in refusing to order an election."

It was error to accept such a map in the proceedings now under consideration. The map is not accurate and should not have been accepted by the trustees.

In the case of **Norfolk and Western Railway Company v. Schaefer, Recorder, 69 Abs 591,** Judge Clifford of this court held that:

"A map or description from which bona fide disputes may arise concerning the location of boundaries does not have that degree of certainty which the statute requires."

We agree with that statement. In at least two respects the map is in such condition that bona fide disputes can arise concerning the location of boundaries.

Another error complained of by the plaintiffs is that the election was not held in a "convenient place." **Sec. 707.16 R. C.** The area sought to be incorporated is "U" shaped and it is very large, embracing approximately twenty-two square miles. The election was ordered to be and was held in Franklin Township Fire House No. 3, located at 2195 Frank Road. The map shows that this road is in the extreme southeast part of this "U" shaped area, and that those who lived in the western and northern parts of the township would have several miles to drive in order to vote their opinion. This location was not a "convenient place" and the Board of Trustees erred in selecting it as the voting place.

Because of the shape and size of the area, the Court is also of the opinion, and therefore finds, that the limits of the proposed municipal corporation are unreasonably large and that it is not right, just and equitable that the prayer of the petitions presented to the Township Trustees be granted. Counsel for the defendants claim that Mr. Edward Tonti, a builder, is the man behind these petitions now under consideration. In referring to him, counsel for defendants, at page four of their brief, say:

"He has extensive building enterprises in Franklin Township. Unless he can rely on annexation he does not stand a chance of getting sewer and water facilities for his projects."

We accept this concession and then observe that without these facilities and considering that this area is contiguous to the City of Columbus and will therefore grow rapidly, a health menace will result. Considering the size and shape of the area in question, the officials of a new municipal corporation would be faced with an insurmountable task in getting water and sewers to the inhabitants. The area is too

large and it is neither right, just or equitable that such a condition should be allowed to develop. The same is true of police protection, to a limited degree fire protection, and all of the other functions that a municipality is called upon to furnish (or should furnish) in our complex way of life.

Counsel for the defendants urge that the plaintiffs herein are not "persons interested." Sec. 707.11 R. C. It is admitted that all of the plaintiffs were adult resident freeholders of Franklin Township when the petitions herein were filed. Mr. Hoye, alone, has since moved out of the township. We concur in the opinion of Judge Leach of this court in Hicks v. Cain, etc., No. 193,851 to the effect that

"We think it clearly follows, as a matter of legislative intent, that an adult resident freeholder in the area sought to be annexed, by virtue of such status alone is a 'person interested.'"

All of the observations which we have heretofore made and all of the conclusions which we have heretofore reached in this opinion are based solely upon evidence submitted to this court at the hearings held prior to our decision of May 25, 1955. For the reasons which we have given, it is our opinion that an order shall issue enjoining the County Recorder from making the record.

Summarizing, it is our opinion that the evidence clearly establishes two errors. First, that the petition was not, when filed, and still is not accompanied by an accurate map of the territory, and, second, that the place at which the trustees ordered the election to be held was not a convenient place. We are also of the opinion that the evidence clearly establishes that the limits of the proposed municipal corporation are unreasonably large and that it is not right, just or equitable that the corporation be created.

Since the case has been remanded to this Court, counsel for all of the parties herein have agreed upon certain stipulations of fact, all of which have occurred subsequent to the date of our original decision herein. Counsel for the defendants object to the consideration of those facts upon the ground that they are irrelevant. In other words, counsel for the defendants urge that the cases must now be decided upon the facts as disclosed by the original evidence. Counsel for the plaintiffs urge that whether or not an injunction is to be allowed now, depends upon the facts in the original evidence plus the developments up to the present date as disclosed by the stipulation of facts. There have been several developments since May 25, 1955, which, if relevant, would have a decisive bearing upon the question of issuing an injunction;—particularly upon the question as to whether it is right, just or equitable that the incorporation be allowed. In fact, they are of such weight that they would dictate a negative answer on that question.

In view of our conclusion already expressed, we consider it unnecessary to pass upon the relevancy of, or to consider, this evidence. We have referred to it only for the purpose of emphasizing the fact that our conclusions herein are not based upon any facts disclosed in the stipulation of facts.

An entry may be prepared in each case allowing the injunction as prayed for.