Stewart, J.
The question of law posed by relator is, where a Board of County Commissioners has before it a petition wherein annexation of contiguous territory in a township is sought by an incorporated municipality, and the question has been submitted to a vote of the electors of the unincorporated area of the township, pursuant to Section 709.17, Revised Code, at which election a majority of the electors voted in favor of the proposed annexation, does the Board of County Commissioners have discretion to determine (a) “that the territory sought to be annexed is unreasonably large,” or (b) “that it is not right, just and/or equitable that the prayer of the petition be granted.”
In the present case, stipulations were filed to the effect that relator, after the resolution of respondents of February 7. 1955, in which they denied the petition of the village on jurisdictional grounds, instituted an action in the Court of Appeals to mandamus respondents to act upon the petition and consider it on its merits.
*160 The Court of Appeals issued the writ of mandamus requested by relator, and in response thereto the respondents had a hearing and passed the resolution of March 21, 1955, denying the petition.
Respondents maintain that, since relator in his first action in mandamus recognized a discretionary power in the commissioners to allow or deny the petition of the village, and since he might have demanded in that action the relief which he now seeks, the matter is res judicata and relator is estopped to proceed further.
Likewise, in the stipulations filed, it is agreed that portions of the territory sought to be annexed by the village have either been or are in the process of being annexed to the city of Columbus, and in their brief respondents contend that the question raised in the present case is moot, since the territory originally described can no longer be legally annexed to the village.
Both these propositions have persuasive force, but since they are developed only in the stipulations and brief, and the question before us arises on a demurrer to the amended petition, and likewise because of the conclusion at which we have arrived, we base our decision in the present case solely on the question of whether the amended petition states a cause of action.
Annexation of contiguous territory to a municipality may be accomplished through two methods.
Sections 709.02 to 709.12, inclusive, Revised Code, set out the method of annexation of adjacent territory by resident freeholders.
Sections 709.13 to 709.21, inclusive, Revised Code, provide the method of annexation on petition by a municipal corporation, which is the method used in the present case.
Section 709.14, Revised Code, provides for the passage of an ordinance authorizing annexation to be made and directing the solicitor of the municipal corporation, or some other person named in the ordinance, to prosecute the proceedings necessary to effect it.
Section 709.15, Revised Code, provides for the application of the municipality to the Board of County Commissioners, requesting the annexation of contiguous territory, with an *161 accurate description of the territory to be annexed, accompanied by an accurate map or plat thereof.
Section 709.16, Bevised Code, provides that the proceedings before the county commissioners shall be in all respects, so far as applicable, such as are required by Sections 709.02 to 709.12, Bevised Code.
Section 709.17, Bevised Code, reads, in part, as follows:
“A vote by the electors of the unincorporated area of the township shall be taken under the election laws of this state at the next general or primary election occurring more than 30 days after the legislative authority of a municipal corporation passes the ordinance mentioned in Section 709.14 of the Bevised Code. Thereupon all annexation proceedings shall be stayed until the result of the election is known. If a majority of the electors of such area voting in the election favor annexation, proceedings shall begin within 90 days to complete annexation, and if a majority of the electors voting in the election is against annexation, no further proceedings shall be had for at least five years.”
Since it is conceded that all the proceedings taken by the village were regular, and that at the election the voters of the unincorporated territory voted in favor of the annexation, the sole question before us is whether the succeeding action of the county commissioners is purely ministerial to order the annexation, or whether they have discretion to either allow or deny the petition therefor.
Belator strenuously maintains that, the village having petitioned for the annexation, and the electors in the territory proposed to be annexed having voted in favor of annexation, the voice of the people settles the question, and the commissioners have nothing further to do except to order it. Their contention is along the vox populi vox Dei philosophy.
We are of the opinion that the General Assembly could have provided for such a process, but this it did not do.
Section 709.16 provides, with reference to a petition for annexation of contiguous territory by a municipality, that proceedings shall be had in all respects, so far as applicable, as are required by Sections 709.02 to 709.12, inclusive, Bevised Code. These sections refer to the incorporation of villages, and *162 in Section 707.07, Revised Code, there are set out the various requirements for organization. Among the requirements are that the limits of the proposed municipal corporation be accurately described and the proposed corporation is not unreasonably large or small, and that it is right that the prayer of the petition be granted. It is requisite that the county commissioners make a finding to that effect.
Since this section is made applicable to the proceedings in the present case, it follows, by inexorable logic, that the vote of the people is not final, but that the commissioners still have the discretion to find as they did in the present case.
It seems that the only reasonable interpretation of Section 709.17, with reference to an election, is that such election shall be in the nature of a veto power. In other words, a municipality files a petition for annexation, and, instead of leaving it entirely to the commissioners as to whether to allow such petition, the electors have a right to vote upon the question whether they desire such annexation.
After the municipal corporation has passed its ordinance for annexation, all annexation proceedings must be stayed until the result of the election is known. If the voters favor annexation, proceedings as to its conclusion must begin within 90 days, whereas, if the voters vote against annexation, no further proceedings shall be had for at least five years.
The reasonable interpretation of provisions such as these is that the electors can, for a period of five years, scotch all proceedings to annex, whereas, if they favor annexation, the proceedings continue.
This must be the logical interpretation of the statute because, if it was mandatory upon the commissioners to grant annexation after a favorable vote, it would have been simple to so provide, but the language concerning further proceedings clearly indicates that the only mandate to the commissioners by the election is to proceed and determine, as did the commissioners in the present case, whether the territory to be annexed is unreasonably large or small, and whether it is right that the prayer of the petition be granted. See Powers v. County Commissioners of Wood County, 8 Ohio St., 286, 289, and Hulbert v. Mason, 29 Ohio St., 562.
*163 In Ms second cause of action, relator contends that, if it is found that the commissioners did have discretion with reference to the annexation, they abused such discretion, and, therefore, the writ of mandamus should be allowed to correct such abuse. Obviously, the commissioners must act in good faith, and there are no allegations in the petition indicating any abuse of discretion or any bad faith upon the part of the commissioners, and, since the hearing of March 21, 1955, apparently was full and complete and the commissioners denied the petition for annexation upon the merits of the facts presented at such hearing, we must conclude that relator is not entitled to a writ of mandamus.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Bell, Taft and Matthias, JJ., concur.