HOYE et, Plaintiffs-Appellees, v. SCHAEFER et, Defendants-Appellants.

Ohio Appeals, Tenth District, Franklin County.

Nos. 5806, 5807, 5808, 5809, 5810.   Decided March 17, 1959.

194

[black redaction bars]

George, Greek, King & McMahon, for plaintiffs-appellees.
Thomas W. Applegate, C. Richard O'Neil, for defendants-appellants.

(HURD and SKEEL, JJ, of the Eighth District, sitting by designation in the Tenth District.)

[black redaction bars]

## OPINION

By SKEEL, J.

This appeal comes to this court on questions of law and fact from a decree entered for the plaintiffs upon trial of the issues in the Court of Common Pleas of Franklin County. The court, before trial and by agreement of the parties, consolidated five cases in which the plaintiffs were all seeking the same relief against this defendant. The decree hereinafter rendered, will therefore be entered in each of the five cases.

The plaintiff's action is one seeking to enjoin the County Recorder of Franklin County from making a record of the proceedings of the trustees of Franklin Township, seeking to incorporate the Village of Franklin Heights, the proceedings in this action being brought under the authority of **Chapter 707 R. C.**

The petition bases the claim for an injunction on the grounds and by the authority of the provisions of §707.20 R. C., which incorporates within its provisions §§707.11 to 707.14 R. C., §707.20 R. C., provides:

"Upon compliance with §§707.15 to 707.19 inclusive, R. C., the municipal corporation shall then be a village under the name adopted in the petition, with all power and authority given to villages by Title VII R. C. No injunction shall be brought, as provided in §707.11 R. C., unless such action is instituted within ten days from the filing of the papers by the board of township trustees with the county recorder. The right of petition to the court of common pleas for error shall exist as provided in §§707.11 to 707.14 inclusive, R. C."

Sec. 707.12 R. C., provides for the procedure to be followed in seeking an injunction. Sec. 707.13 R. C., sets out the manner of filing, docketing and hearing the claims for injunction.

Sec. 707.14 R. C., then provides:

"If error is found in the proceedings under §§707.01 to 707.08 inclusive, R. C., or if the boundaries are found to be so inaccurately described as to render indefinite or uncertain the limits or extent of the proposed municipal corporation already in existence in this state, or if the court of common pleas finds that the limits of the proposed municipal corporation are unreasonably large or small, or that it is not right, just, or equitable that the prayer of the petition presented to the board of county commissioners be granted, the court shall make an order enjoining the county recorder from making the record. Such order shall not be a bar to subsequent applications to the board for the purpose of effecting incorporation. The court shall render such judgment as to the payment of the cost incurred in such proceeding for injunction as is just and equitable."

The claim of the appellant that the only inquiry permitted to the plaintiff in such an action is to examine the record for procedural errors, is not well taken. By incorporating all of the provisions in the section included within the provisions of §707.20 R. C., it seems clear that in an injunction proceeding the plaintiff is not only privileged to claim error in the procedural steps but persons interested may also question the accuracy of the boundaries as filed, or the accuracy of the map, or the name to be given the new village, or that the proposed corporation is unreasonably large or small or that it is not right, just, or equitable that the prayer of the petition presented to the board should be granted. In examining the statutes providing for incorporating a village by petition filed with the township trustees, it is clear that such trustees are without power to give consideration to the merits of the petition but must grant the prayer of the petition and set an election if the allegations of the petition are in full compliance with the statutory requirements and the petitioner establishes by proof that the allegations of such petition are true (§707.16 R. C., before the amendment of 1955). The question of the reasonableness of the limits of the proposed corporation, whether unreasonably large or small, or whether it is right, just, or equitable, or that the prayer of the petition be granted, is no where to be considered except by the action seeking an injunction as provided by the sections incorporated in §707.20 R. C. (Secs. 707.11, 707.12, 707.13 and 707.14 R. C.) In the procedure provided for incorporation of villages by petition to the county commissioners, the commission must pass on the reasonableness of the proposal and whether it is equitable and just. Their duties are legislative in character but this is not true as to the duties of township trustees in incorporation proceedings. The voters likewise are required only to "assent" to the granting of the petition. We, therefore, conclude that the appellant is in error in attempting to limit the scope of this court's consideration of the evidence here presented, to only as it exemplifies the procedure used in presenting the petition for incorporating Franklin Heights Village to the trustees of Franklin Township and the procedural steps taken by them in the matter. We will consider the evidence as it applies to all of the other questions presented by appellees as did the court from which this appeal is taken

The territory of Franklin Township, which the petitioners seek to incorporate, contains twenty-two and six-tenths square miles (one-half the size of Columbus) which is in the form of a U completely around the westerly end of the City of Columbus. The greater part of its territory is used for agriculture. There are three or four widely separated sections in which home development has taken place. There has been some industrial development, including two or three large establishments. There are about twelve thousand inhabitants in the territory and on the day of the special election, there were about four thousand registered voters. The Election Board has provided eleven polling places for the use of the voters at previously held general elections. In its order directing the special election on the question of incorporation, the Board of Township Trustees ordered that the voting place should be at a fire house located at 2195 Franklin Avenue, which is about in the center of the southeasterly leg or end of the U comprising Franklin Township. The statute (§707.16 R. C.), in force on the date of the order, provided that the township trustees should direct in its order for the election, that it be held "at a convenient place therein named." These words could not be understood as limiting the trustees to the designation of but one place where the voters could exercise the right to approve or disapprove the incorporation of the township into a village. To attempt to require almost four thousand voters to exercise the right to vote in one place where eleven places are required in general elections and at a location clearly to the disadvantage of a majority of the voters, as was here done, constituted an abuse of discretion on the part of the board, invalidating such order. It is significant, and the fact must be noted, that that part of §707.16 R. C., was amended effective 10/5/55, whereby the duty to fix a convenient place for the voters to cast votes in an incorporation proceeding, as imposed upon township trustees, was taken out of the statute.

We also find that the map filed with the petition was inaccurate. The appellant tries to refute this claim by stating that the basic map was correct, having been obtained from the Franklin County Regional Planning Commission. The fact that the map, as procured from the Planning Commission, is accurate, is not in dispute. The petitioners proceeded to make the boundaries of that part of Columbus which protrudes westerly into the unincorporated part of Franklin Township, as shown on the map, more prominent by shading that part of the map blue. In doing so, they included ninety-two one-hundredths of an acre, which was, in fact, not a part of the City. They also shaded that part of the map representing the unincorporated part of Franklin Township in red, which did not include the ninety-two one-hundredths of an acre mistakenly colored blue. There was no shading at all on part of the unincorporated part of Franklin Township fronting on, and including, the island in the Scioto River to the south and west of Columbus. Colors have long been the method used by map makers to designate and distinguish specific areas included within one map, particularly as here, where a legend on the map explains the use of colors. One examining this map should not be compelled to decide which of the designations of

separate political divisions was correct. The statute requires an accurate map. From the undisputed evidence, the contradictions contained in the map filed with the petition by reason of the methods employed to designate Columbus from the unincorporated part of Franklin Township and the failure to include all of the unincorporated part of the township in one color, we must conclude the map was, in fact, not accurate.

The proposed village of Franklin Heights would be U shaped completely circumscribing almost the entire western development of the City of Columbus. Its shape will, of necessity, make the providing of the usual public services both difficult and expensive. One expert testified that the difficulty in providing sanitary sewers would, under the circumstances, be hard to overcome and the expense of such work would be almost prohibitive. While there is some evidence to the contrary, it is not sufficiently clear to overcome the facts contended for on this question by the appellees. Many other almost insurmountable difficulties in the administration of the affairs of a village of such size, shape and state of development, with small dwelling areas widely separated by farms and some industry, would become apparent were this large territory to become a village. A village is defined by Webster as "any small aggregation of houses in the country, less in number than a town or city and more than in a hamlet." Black's Law Dictionary, Third Edition, defines village as "any small assemblage of houses for dwellings or business, or both, in the country, whether they are situated upon regularly laid out streets and alleys or not." Farmers are not in need of the services which city dwellers require and which can be furnished with some fair degree of economy only where there are many users close together.

We conclude that because the territory sought to be incorporated is U shaped (comprising over twenty-two square miles) and in its present state of development, its limits are unreasonably large and also because of the fact that it almost completely circumscribes the westerly part of Columbus, whereby further development would be retarded until the village could afford to provide public services to, at least, the greater part of the village, without which further development is impossible. it would not be just, right and equitable to grant the petition filed with the Township Trustees of Franklin Township, seeking to incorporate its territory into a village.

We have not given consideration to the question of whether the plaintiffs are "interested parties" for the reason that it seems so obvious, from the uncontradicted evidence, that they are interested persons, that further consideration of the question is unnecessary.

A decree may be entered enjoining the County Recorder from receiving for record the petition for the incorporation of the Village of Franklin Heights.

HURD, PJ, DUFFY, J, concur.