GUY ET AL., APPELLANTS, *v.* DUNN ET AL., APPELLEES.*

(No. 6481—Decided April 4, 1961.)

*Mr. John E. Palcich,* for appellants.

*Mr. Earl W. Allison,* prosecuting attorney, and *Mr. Chester H. Hummell,* for appellee county officials.

*Mr. Russell Leach,* city attorney, *Mr. John C. Young* and *Mr. Alba L. Whiteside,* for appellee city of Columbus and others.

DUFFY, J. The plaintiffs, appellants herein, who are township trustees, brought this action questioning the right of the city of Columbus to annex part of Franklin Township and to prevent the transfer of the territory on the tax duplicate by the county auditor. The area in question has been subject to litigation in the courts as there were attempts to annex part of the territory which was already part of the land involved in an incorporation proceeding. See *Hoye* v. *Schaefer, Recorder,* 166 Ohio St., 277, the subsequent consideration of the same cause by the Court of Common Pleas of Franklin County, Ohio (77 Ohio Law Abs., 170), and the consideration given by this court (109 Ohio App., 489, motion to certify record overruled).

In the case under consideration, the trial court sustained a demurrer to the original petition and ordered an amended petition stricken from the file. The plaintiffs say that the questions to be decided by this court on appeal are:

*Motion to certify the record overruled, October 4, 1961.

"If the Board of Township Trustees of Franklin Township had jurisdiction of the subject matter, is this jurisdiction exclusive?

"Does the board of township trustees lose jurisdiction by failure of the proceedings on the merits?

"Can any other governmental board or units acquire jurisdiction and proceed with adverse proceedings while the board of township trustees has jurisdiction of the subject matter?"

In consideration of these questions it appears that on April 5, 1954, an incorporation proceeding was commenced with the Board of Township Trustees of Franklin Township for the incorporation of that township, and that subsequent thereto part of the same area was the subject of annexation proceedings in which the city of Columbus annexed a part of the township territory. See *State, ex rel. Maxson,* v. *Board of County Commissioners of Franklin County,* 167 Ohio St., 458.

In the case involving the incorporation proceeding, this court decided that it would not be just, right and equitable to grant the petition seeking the incorporation of Franklin Township (*Hoye* v. *Schaefer, supra* [109 Ohio App., 489]), and, although the incorporation proceeding was commenced first, it would appear that the annexation proceedings were the first to be completed and, as there was concurrent jurisdiction in the Board of Township Trustees and the Board of County Commissioners, it would appear that the Board of Township Trustees lost its preferential position when the incorporation proceeding was dismissed on the merits. See *Hoye* v. *Schaefer, supra,* and *State, ex rel. Ferris,* v. *Shaver, Recorder,* 163 Ohio St., 325.

The judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

DUFFEY, P. J., and BRYANT, J., concur.

DUFFEY, P. J., concurring. I concur in the opinion and judgment; however, some further explanation seems desirable.

Appellants rely upon *State, ex rel. Ferris,* v. *Shaver, Recorder* (1955), 163 Ohio St., 325. In that case an annexation proceeding was commenced in 1949. This proceeding was temporarily enjoined in 1950. An incorporation proceeding was begun in September 1954. The permanent injunction against

the annexation was issued in December 1954. Paragraphs one and two of the syllabus of that case state:

"1. Where power is given by statute to two different governmental boards to act with reference to the same subject matter, the acquisition of the exclusive authority to act with reference to such subject matter by the board first acting under the power is dependent upon such acquisition being valid. * * *

"2. A municipal incorporation proceeding properly certified by a Board of Township Trustees following an election approving said incorporation is not rendered void by virtue of a prior annexation proceeding covering a portion of the same territory, where such annexation proceeding has been permanently enjoined; and in such situation a writ of mandamus will issue ordering the county recorder to comply with the recording enjoined on him by Section 707.19, Revised Code."

Appellants here have not questioned the sufficiency of the annexation proceedings in form or content. The contention is that the incorporation proceeding having been filed first, the township trustees had "exclusive jurisdiction." From this it is argued that the county commissioners had no *power* to act, and that the annexation proceedings are void.

On the facts in the *Ferris case*, it was unnecessary for the court to determine whether *validly* pending prior proceedings would divest the trustees of power to act on the incorporation. In *Hoye* v. *Schaefer, Recorder* (1957), 166 Ohio St., 277, annexation proceedings were filed, and subsequently an incorporation petition. An injunction was sought to restrain the incorporation proceeding. At the time of the hearing, the commissioners had disallowed the annexation petitions. The court held that the incorporation proceeding could not then be enjoined.

It is apparent from that holding that, as the statutes appear to contemplate, both boards have jurisdictional power to act with reference to the subject matter; that preference in *exercising* such statutorily granted concurrent power is controlled by the date of filing; but that this rule of preference does not divest either board of *power* to act.

In the *Hoye case*, the court stated:

"Obviously, had any of the annexation proceedings actually been pending at the time of such decision, or if the commis-

sioners had previously allowed any or all of the annexation petitions, there would have been no basis upon which the incorporation could proceed, and the court would have been justified in granting the injunction. *But the township trustees had jurisdiction of the subject matter at the time the incorporation petition was filed* and, since, at the time their action was subjected to judicial scrutiny, there were no proceedings for annexation pending before the county commissioners, they are entitled to proceed with such incorporation." (Emphasis added.)

It is a familiar doctrine of law with respect to courts that only certain types of error affect the power to act, rendering any action void. Most errors are merely voidable and subject to direct attack only. The statutes here involved create concurrent jurisdiction in two boards. The rule of preference is a necessary judicial qualification on the exercise of these statutory powers.

Had appellants here made a direct attack on the annexation proceedings while the incorporation proceeding was still pending, an injunction would have been proper. Such an injunction should restrain further action until the proceeding having preference is finally disposed of and should then be dissolved or made permanent depending on what disposition occurs. However, since, as the Supreme Court held in the *Hoye case*, the second board has jurisdiction of the subject matter, its action in proceeding with the matter would be erroneous but not void and not subject to collateral attack.

With respect to the present case, the decision of this court in *Hoye* v. *Schaefer*, 109 Ohio App., 489, is now final. It may be that this is tantamount to a determination that the incorporation proceeding was void, and, under the *Ferris case*, the annexation was proper. Regardless of that argument, under the holding of the Supreme Court in the *Hoye case*, the Board of County Commissioners had jurisdiction of the subject matter in the annexation proceedings. The error, if any, in proceeding while the incorporation was pending is now moot. Whatever preference the Board of Township Trustees had was lost when the annexation was permitted to become final and, in any event, when the incorporation proceeding was dismissed on the merits.