TOLEDO EDISON COMPANY, Appellant and Cross–Appellee,

v.

PETITIONERS FOR INCORPORATION OF VILLAGE OF HOLIDAY CITY et al., Appellees and Cross–Appellants.

[Cite as *Toledo Edison Co. v. Petitioners for Incorporation of Holiday City* (1996), 116 Ohio App.3d 482.]

Court of Appeals of Ohio,
Sixth District, Williams County.

No. WM–95–030.

Decided Dec. 20, 1996.

*Craig J. Van Horsten, Mary Ann Whipple* and *Lance M. Keiffer,* for appellant and cross-appellee.

*David W. Zoll* and *Michelle L. Kranz*, for appellee and cross-appellant Incorporators of Holiday City.

*Per Curiam.*

This case is on appeal from the October 23, 1995 judgment of the Williams County Court of Common Pleas, which dismissed the petition for a statutory injunction filed by the Toledo Edison Company, appellant and cross-appellee. On appeal, Toledo Edison asserts the following assignments of error:

"I. The Court of Common Pleas, Williams County, Ohio, erred as a matter of law and applied an incorrect legal definition of resort in holding that the decision of the Board of County Commissioners, Williams County, Ohio, approving the incorporation of the proposed Village of Holiday City was neither unlawful nor unreasonable.

"II. The Court of Common Pleas, Williams County, Ohio, erred in holding that the decision of the Board of County Commissioners, Williams County, Ohio, approving the incorporation of the proposed Village of Holiday City as a resort was supported by competent, credible evidence and was thus neither unlawful nor unreasonable.

"III. The Court of Common Pleas, Williams County, Ohio, erred in holding that the Board of County Commissioners, Williams County, Ohio, did not commit error in the incorporation proceedings in issue through the improperly biased, irregular procedures which it employed in reaching its decision.

"IV. The Court of Common Pleas, Williams County, Ohio, erred in holding that the Board of County Commissioners, Williams County, Ohio, did not commit error in the incorporation proceedings and issue unlawful and unreasonable orders approving incorporation of the proposed Village of Holiday City by relying upon an improper legal standard."

Appellees and cross-appellants, the petitioners for incorporation, filed a cross-appeal from the same judgment asserting a single cross-assignment of error:

"1. The Court of Common Pleas, Williams County, Ohio, erred as a matter of law in holding that Toledo Edison had standing pursuant to R.C. 707.11 [October 23, 1995, Judgment Entry of the Court of Common Pleas, Williams County, Ohio]."

Beginning July 15, 1991, appellees sought to incorporate certain territory located in Jefferson Township, Williams County, Ohio, as the village of Holiday City, Ohio. All but two of the adult resident freeholders in the proposed village signed the petition. Incorporation was sought under a resort exception to the general incorporation requirements, which has since been repealed.

The Board of Commissioners of Williams County held a public hearing regarding the petition on August 26, 1991. Toledo Edison attended the hearing and voiced its opposition to the incorporation. On September 15, 1991, the board granted the petitioners leave to amend their petition to correct the technical errors identified by the incorporation opponents.

A second meeting of the board of commissioners was held on September 16, 1991, at the Holiday Inn located within the proposed village. Only the residents of the proposed village were invited to attend the dinner meeting. When Toledo Edison representatives entered the meeting, the commissioners promptly ended the meeting.

The board of commissioners approved of the incorporation in two resolutions dated September 23 and 26, 1991.

On October 22, 1991, Toledo Edison sought a statutory injunction against Evelyn M. Hoffman, the Williams County Recorder, and the petitioners for incorporation of the village of Holiday City, Ohio, pursuant to R.C. 707.11. Toledo Edison sought to enjoin Hoffman from recording the resolutions granting the petition on the ground that the petition did not meet the requirements of R.C. 707.02.

Prior to addressing the merits of the injunction, the Williams County Court of Common Pleas denied appellees' motion to dismiss the injunction petition on the ground that Toledo Edison lacked standing to seek the injunction. Appellees argued that Toledo Edison was not a "person interested" under R.C. 707.11 for the same reason that township trustees did not qualify. The court denied the motion on the ground that the mere fact that Toledo Edison owned property within the territory to be incorporated was sufficient to make it a "person interested" under the statute.

Addressing the merits of the petition, the trial court later held that the grant of the petition for incorporation was supported by the evidence and was not unreasonable or unlawful. Therefore, the trial court dismissed Toledo Edison's petition for an injunction.

We begin by addressing the sole cross-assignment of error filed by the petitioners for incorporation. The petitioners assert that Toledo Edison lacks standing under R.C. 707.11 to seek an injunction to bar the incorporation of Holiday City because Toledo Edison suffered no injury as a result of the incorporation of Holiday City and it is not a resident freeholder within the proposed village limits.

Since annexation law was derived from existing incorporation law, cases involving annexation can be useful for deciding incorporation cases. However, automatic application of such cases will result in error because the two statutory

schemes are not identical and each involves different policy considerations. See *In re Petition for Incorporation of the Village of Holiday City* (1994), 70 Ohio St.3d 365, 368, 639 N.E.2d 42, 44–45 ("*Holiday City I* ").

R.C. 707.11 provides that any "person interested" may petition the court of common pleas for an injunction to bar the final stages of incorporation of a village following the granting of the petition to incorporate by the board of county commissioners. The term "person interested" appears in municipal laws as early as the late 1800s. See 66 Ohio Laws 150 and *Hulbert v. Mason* (1876), 29 Ohio St. 562.

The meaning of this term has been the subject of much interpretation by the courts. Most recently, the Ohio Supreme Court has stated that the term "person interested," as used in R.C. 707.11, refers to aggrieved parties to the incorporation proceedings who have an immediate, substantial, and pecuniary interest that is adversely affected by the board's granting of the petition for incorporation. *Holiday City I,* 70 Ohio St.3d at 371, 639 N.E.2d at 46–47.

■ The "aggrieved party" definition is derived from the view that the statutory injunction procedure permitted under the incorporation and annexation statutes (R.C. 707.11 and 709.07, respectively) is an appeal process rather than an equitable remedy or civil action. *Id.; Eaton v. Summit Cty. Bd. of Commrs.* (1973), 45 Ohio App.2d 316, 318, 74 O.O.2d 485, 486–487, 345 N.E.2d 87, 88; and *Weber v. Williams* (1972), 32 Ohio App.2d 65, 70, 61 O.O.2d 57, 59–60, 288 N.E.2d 322, 326.

The *Weber* court's opinion was based upon the holding of the Supreme Court of Ohio in the *Hulbert* case, 29 Ohio St. 562, that the injunction remedy is a summary proceeding for purposes of reviewing errors in the annexation proceedings rather than the merits of the case, *i.e.,* whether the board's decision was right and proper. At the time of the *Hulbert* opinion, the statute permitted review of the annexation proceedings only for errors in the proceedings or inaccuracies in the description of the territory to be annexed. However, at the time of the *Weber* opinion, R.C. 707.10 had been amended (in 1967) to provide not only for review of errors in the proceedings, but for review of the board's decision itself to determine whether it was reasonable and lawful. Nonetheless, the *Weber* court held that the injunction proceeding is an appellate process. The Ohio Supreme Court does not indicate the basis for its finding in the *Holiday City I* that the statutory injunction proceeding is, for all practical purposes, an appeal process. However, since the Ohio Supreme Court continues to hold that the statutory injunction procedure is akin to an appeal, we will consider the standing issue with that philosophy in mind.

■ Because the injunction proceeding is an appeal process, there are two requirements the petitioner for injunction must meet to have standing as an interested person. First, the petitioner for an injunction must have been a party to the incorporation proceeding. *Holiday City I,* 70 Ohio St.3d 365, 639 N.E.2d 42; *Weber, supra,* 32 Ohio App.2d at 68, 61 O.O.2d at 58–59, 288 N.E.2d at 325. Second, appellate review is restricted to review of matters that adversely affect substantial legal rights. Therefore, the party to the incorporation proceeding must also have an immediate, substantial, and pecuniary legal interest or right that is affected by the board's granting of the petition for incorporation. *Holiday City I,* 70 Ohio St.3d 365, 639 N.E.2d 42. See, also, *Lockland v. Shaver* (C.P.1950), 59 Ohio Law Abs. 600, 601–602, 44 O.O. 189, 190, 98 N.E.2d 643, 644–645.

■ Since the incorporation proceeding is a statutory proceeding, we must turn to the statutes to determine who are the parties to the action. *Weber,* 32 Ohio App.2d at 68, 61 O.O.2d at 58–59, 288 N.E.2d at 325.

■ First, party standing is granted under R.C. 707.02 to anyone who can sign the petition for incorporation. *Id.* R.C. 707.02 provided, in 1991, that any adult resident freeholder within the area to be incorporated may sign the petition.

The requirement that the landowner also be a resident was specifically intended to prevent a private corporation from being able to seek incorporation. See *Fairfield Twp. Bd. of Trustees v. Frost* (June 22, 1995), Columbiana App. No. 95–C–3, unreported, 1995 WL 382114, and Committee Notes to 1978 Am.Sub.H.B. 218 (as introduced) (although unsuccessful, the proponents of the bill sought to amend the annexation statutes to require that only adult resident freeholders could sign a petition for annexation in the same manner as provided under the incorporation statutes to prevent absentee landlords, firms, trustees, or private corporations from having a right to seek annexation). See, also, *Hoye v. Schaefer* (C.P.1957), 77 Ohio Law Abs. 170, 174, 148 N.E.2d 532, 535–536, affirmed (1959), 109 Ohio App. 489, 12 O.O.2d 63, 157 N.E.2d 140 (under R.C. 707.11, an adult resident freeholder qualifies as a "person interested" under the statute entitled to seek an injunction). Cf. *Middletown v. McGee* (1988), 39 Ohio St.3d 284, 286, 530 N.E.2d 902, 904 (property owners within the territory to be annexed are, because of that fact alone, adversely affected by annexation if they oppose it; but, see, R.C. 709.02, which permits any "owner of real estate" to seek annexation).

Therefore, we conclude that under R.C. 707.02 only resident landowners within the area to be incorporated are parties to the incorporation proceeding.

■ Second, party standing is also granted under R.C. 707.07(D). That section provides that the board of commissioners may grant the petition for incorporation if it finds that "the general good of the community, including both

the proposed municipal corporation and the surrounding area, will be served if the incorporation petition is granted." Under this statute, anyone whose legal rights or interests are adversely affected by virtue of the fact that the incorporation is not generally good for the community has party standing. *Holiday City I,* 70 Ohio St.3d 365, 639 N.E.2d 42; *Eaton,* 45 Ohio App.2d 316, 74 O.O.2d 485, 345 N.E.2d 87; and *Weber,* 32 Ohio App.2d at 69–70, 61 O.O.2d at 59–60, 288 N.E.2d at 325–326. The *Weber* case held that landowners outside the area to be annexed could not seek a petition for injunction because R.C. 709.033 did not permit the board to consider the effect of annexation upon the surrounding area as did R.C. 707.07(D), the corresponding incorporation statute.

Consistent with this analysis, the Ohio Supreme Court held in *Holiday City I,* 70 Ohio St.3d at 370, 639 N.E.2d at 46, that residents of that part of the township outside of the proposed incorporation limits could seek an injunction even though they did not own property within the territory to be incorporated because the effect of the incorporation upon the good of the community might have affected them personally. However, those residents were unable to demonstrate that their personal interests were affected and that they had a present and substantial interest in the matter because their claimed injuries of a reduction in tax base and diminished government services were speculative, generalized grievances shared by a large group of citizens. *Holiday City I,* 70 Ohio St.3d at 371, 639 N.E.2d at 46–47.

In the case before us, we agree with the petitioners for incorporation that the mere fact that Toledo Edison owns real property within the proposed village limits does not make it a party to the action by virtue of R.C. 707.02. Toledo Edison is neither an adult nor a resident of the proposed village. Furthermore, we find that Toledo Edison is not a party to the action by virtue of R.C. 707.07(D). From the record on appeal, we find no evidence of a detrimental effect of incorporation upon the real and personal property of Toledo Edison located within the village limits. The only affected interest of Toledo Edison that appears in the record is its potential loss of electricity consumers. There was no evidence in the record that the petitioners for incorporation planned to obtain a municipal power source to satisfy the electricity needs of the village residents. Therefore, Toledo Edison's loss of customers is just as speculative as was the loss to the remaining township residents of their township tax base and governmental services. Furthermore, unlike the township residents in *Holiday City I,* Toledo Edison presents no evidence that incorporation of the village causes a negative effect upon the community which, in turn, interferes with Toledo Edison's legal rights or interests.

Therefore, we conclude that Toledo Edison is not a "person interested" under R.C. 707.11 and does not have standing to petition the common pleas court

for an injunction to bar the incorporation of Holiday City. Appellees' sole cross-assignment of error is found well taken. Because we have found that Toledo Edison lacked standing to seek an injunction, we need not address its assignments of errors on appeal because they relate to the merits of the petition. Therefore, we find all of Toledo Edison's assignments of error moot.

Having found that the lower court committed error prejudicial to appellees and cross-appellants, we reverse the decision of the Williams County Court of Common Pleas denying appellee's motion to dismiss the petition for an injunction for lack of standing. The October 23, 1995 judgment addressing the merits of the injunction is therefore void and is hereby vacated. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.

*Judgment accordingly.*

MELVIN L. RESNICK, P.J., HANDWORK and ABOOD, JJ., concur.