SACKETT *v.* IRISH, RECORDER.

*Courts of appeals — Jurisdiction on appeal — Action challenging incorporation of village — Section 6, Article IV, Constitution, 1912 — Section 3532, General Code.*

An action instituted in the court of common pleas, under the provisions of Section 3532, General Code, challenging proceedings to incorporate a village, is not a "chancery case" of which the court of appeals has jurisdiction on appeal under Section 6, Article IV, Constitution, 1912, notwithstanding Section 3532, General Code, authorizes injunction as an ancillary remedy to enforce the order of the court.

(Decided February 9, 1918.)

APPEAL: Court of Appeals for Lorain county.
ON MOTION to dismiss appeal.

*Mr. B. C. Boer* and *Messrs. Bartholomew, Leeper & McGill,* for plaintiff.
*Mr. Guy B. Findley* and *Messrs. Henderson, Quail, Siddall & Morgan,* for defendant.

LIEGHLEY, J. During the year 1917 certain proceedings were had before the county commissioners

of Lorain county, Ohio, regular in form, with the object in view of incorporating the village of South Amherst, under favor of Sections 3518 to 3520, General Code. Within a day or two of the expiration of the statutory time for filing a petition in the court of common pleas, the same was filed in said court alleging irregularities, etc., and praying for an order restraining the defendant, as recorder, from making the records provided by law, which petition was filed under favor of Section 3532, General Code. The case came to trial in the court of common pleas and judgment was entered for the defendant. The plaintiff perfected an appeal of the case to this court. Defendant filed a motion to dismiss said appeal on the ground of want of jurisdiction, which motion is before us for consideration.

Section 6, Article IV of the Constitution of Ohio as amended in 1912, grants to this court its only appellate jurisdiction, in the following words:

"The courts of appeals shall have * * * appellate jurisdiction in the trial of chancery cases."

The supreme court of Ohio has already decided that the legislature is powerless to increase or decrease the jurisdiction of this court so conferred by the constitution. *Cincinnati Polyclinic* v. *Balch,* 92 Ohio St., 415.

Is this a chancery case? Incorporation of villages was unknown to chancery courts. Section 3532, General Code, affords the remedy of injunction to the court to enforce its order in the event the court finds in the proceedings any of the defects enumerated in the statute. We do not think that the provision of the statute affording a rem-

edy of injunction as a means of enforcing the order of the court can operate to constitute this case a chancery case, or operate to transfer this purely statutory proceeding into one cognizable on appeal. *Hulbert et al.* v. *Mason,* 29 Ohio St., 562; *Raymond* v. *The T., St. L. & K. C. Rd. Co.,* 57 Ohio St., 271, and *Fisher* v. *Bower,* 79 Ohio St., 248.

The motion to dismiss the appeal is granted.

*Motion to dismiss appeal granted.*

GRANT and DUNLAP, JJ., concur.