AnLEN, J.
 

 The proposed village lies in the extreme southwest corner of Bainbridge township in Geauga county, and the extreme northwest corner of Aurora township in Portage county, and the large area of platted territory resided in by members of the plaintiff association and excluded from the proposed village also lies in the extreme northwest corner of Aurora township in Portage county, immediately adjacent to the platted territory described in the petition for incorporation. The proposed village includes the body of water known as Geauga Lake, and also includes the amusement park situated upon that lake. A large number of the residential buildings within both the pro
 
 *570
 
 posed village and the platted territory excluded from the boundaries thereof are small summer cottages not occupied by permanent residents of the community of Geauga Lake. However, the permanent residences excluded from the proposed village appear to be at least as many as the permanent residences included in the proposed village. As shown by the testimony, which is not statistical, and consists of estimates upon this point, within the proposed village there are permanent residences variously estimated to be from 22 to 50 in number. In the platted territory immediately adjacent, which is the territory resided in by the applicants for injunction, it is estimated that there are from 35 up to as high as 100 permanent residences. Within the proposed village there are 53 residence buildings, and in the platted territory now excluded there are estimated to be from 150 to 300; these figures including both permanent and summer residences.
 

 The plaintiff below attacked, not the incorporation of the village of Geauga Lake, but the basis of the proposed incorporation. It urges that the exclusion of platted territory, heavily populated and immediately adjacent to the proposed village, as a matter of law is not right, just, and equitable, and that as a matter of law, under the circumstances of this record, the limits of the proposed corporation are unreasonably small, and hence prays for final judgment in its favor.
 

 On the other hand, it is contended on behalf of the county recorder that the Court of Appeals had no jurisdiction to review the judgment of the court of common pleas. Counsel for the recorder claim that the statutes which provide for a review of proceedings before the commissioners, Sections 3532 to 3535, inclusive, General Code, provide an exclusive method for review, limited to a hearing in the court of common pleas, and not extending to a review in the Court of Appeals. It is also urged that the incorporation of a village is
 
 *571
 
 a matter political in nature, and not judicial, and that hence the proceeding in the court of common pleas does not fall within the general provision providing for the review of judgments of the court of common pleas by the Courts of Appeals.
 

 The sections read as follows:
 

 Section 3532. “Within sixty days from the filing of the papers by the county commissioners with the recorder, any person interested may make application by petition to the court of common pleas, or, if during vacation, to a judge thereof, setting forth the errors complained of, or the inaccuracy of the boundaries, or that the limits of the proposed corporation are unreasonably large or small, or that it is not right, just, or equitable that the prayer of the petition presented to the board of commissioners be granted, or containing any or all of such averments, and praying an injunction restraining the recorder from so making the record and certifying the transcript.”
 

 Section 3533. “When the petition is filed, the person filing it shall give notice thereof, in writing, to the recorder and the agent of the petitioners for the corporation. On receiving such notice, the recorder shall forthwith transmit to the clerk of the court where the petition for injunction is pending, all the papers relating to the matter on file in the recorder’s office, and in that event, no record of the papers shall be made by the recorder, or transcript certified by him, as hereinbefore provided, unless he receive a certificate from the clerk of the court, showing that the injunction has been denied.”
 

 Section 3534. “The court or judge shall cause the petition to be filed and docketed in the office of the clerk of the courts, and shall hear the petition at such time as he shall appoint * * *. Upon such hearing the court or judge may hear evidence upon the matters and things averred in the petition. If no error is found in the proceedings before the commissioners, and no
 
 *572
 
 inaccuracy in the boundaries, and if the court further finds that the limits of the proposed corporation are not unreasonably large or small, and that it is right, just and equitable that the prayer of the petition presented to the commissioners be granted, the petition for such injunction shall be dismissed. Thereupon the clerk shall return the papers to the recorder, with a certified transcript of the order of the court, and the recorder shall immediately record the transcript certified by the commissioners, the petition for the corporation, the map, and the order of the court, and make, forward and deliver the transcripts as hereinbefore provided.”
 

 Section 3535. “If error is found in the proceedings, or if the boundaries are found to be so inaccurately described as to render indefinite or uncertain the limits or extent of the proposed corporation, or if the court shall find that the limits of the proposed corporation are unreasonably large or small, or that it is not right, just or equitable that the prayer of the petition presented to the commissioners be granted, the court or judge shall make an order enjoining the recorder from making the record. Such order shall not be a bar to subsequent applications to the commissioners for the purpose of effecting such incorporation. The court or judge shall render such judgment as to the payment of the cost incurred in such proceeding for injunction as he deems just and equitable.”
 

 Counsel for the recorder claim that under these sections the decision of the county commissioners is a political question, and is not the subject of judicial review.
 

 What is a “political question”?
 

 “It is frequently used to designate all questions that lie outside the scope of the judicial power. More properly, however, it means those question which, under the constitution, are to be decided by the people in their sovereign capacity, or in regard to which full
 
 *573
 
 discretionary authority has been delegated to the legislature or executive branch of the government.” 12 Corpus Juris, 878.
 

 Judicial power, on the other hand, is authority to hear and determine where the rights of persons or property, or the propriety of doing an act, are the subject-matter of adjudication and the judicial act involves the exercise of judgment or discretion.
 
 Ward
 
 v.
 
 Board of Commissioners of Okfuskee Coimty,
 
 114 Okl., 246, 246 P., 376.
 

 “A
 
 law that confers upon a court the authority to render a judgment or decree which shall be a judicial settlement of the question in controversy, is a law conferring judicial power.”
 
 State
 
 v.
 
 Cox,
 
 87 Ohio St., 313, 101 N. E., 135.
 

 However, a judicial question may be closely connected with, and in fact arise out of, a political question. Cases elucidating the distinction between political questions and political questions out of which some judicial question may arise are as follows:
 

 It is clearly a political question as to whether or not the proper state authorities shall create an office or shall provide to have it filled, as to how long an incumbent shall hold it, and as to the manner in which he shall derive his title thereto.
 
 State, ex rel. Jennett,
 
 v.
 
 Owens,
 
 63 Tex., 261.
 

 "Whether a constitution shall be amended is a political question, but whether it has been legally amended is a judicial question.
 
 McConaughy
 
 v.
 
 Secretary of State,
 
 106 Minn., 392, 119 N. W., 408.
 

 The enactment of a statute redistricting a state into representative districts is a political question, but whether such statute makes the division so unequal as to be a violation of the constitutional provision requiring such division to be in proportion to population is not so purely a political question as to be beyond
 
 *574
 
 the jurisdiction of the courts.
 
 Ragland
 
 v.
 
 Anderson,
 
 125 Ky., 141, 100 S. W., 865, 128 Am. St. Rep., 242.
 

 Similarly, a judicial question may arise out of the exercise of an administrative function.
 

 The fixing of values for taxation by a state tax commission is the exercise of an administrative power, but the determination by such commission as to whether such property is subject to taxation constitutes an exercise of judicial power.
 
 Western Union Telegraph Co.
 
 v.
 
 Tax Commission of Ohio,
 
 (D. C.), 21 F.(2d), 355, 358.
 

 We think that under these authorities, and under Ohio holdings, the statute quoted above, Sections 3532 to 3535, G-eneral Code, confers judicial power. It is significant, in the first place, that the power to issue the injunction is to be exercised by a court.
 

 “The fact that a power is conferred by statute on a court of justice, to be exercised by it in the first instance in a proceeding instituted therein, is, itself, of controlling importance as fixing the judicial character of the power.”
 
 City of Zanesville
 
 v.
 
 Zanesville Telegraph & Telephone Co.,
 
 64 Ohio St., 67, 59 N. E., 781, 52 L. R. A., 150, 83 Am. St. Rep., 725.
 

 Moreover, the proceeding itself carries the earmarks of a judicial matter.
 

 Under Section 3535, as it now exists, the injunction proceeding, with its question as to the inaccurate description of boundaries, the unreasonable size of the limits of the proposed corporation, and whether it is right, just or equitable that the prayer of the petition be granted, presents certain issues that we commonly describe as judicial. The function of the court in this case is to try an issue framed by pleadings in an injunction suit, according to the rules of procedure in injunction suits, to hear evidence and to administer justice according to that evidence adduced at the trial.
 

 The initial hearing before the commissioners is political, or administrative, but how does that fact divest
 
 *575
 
 the application for injunction of its judicial nature? Injunction is constantly resorted to, to restrain acts that are nonjudicial, and in fact it cannot issue to restrain acts that are judicial. The difficulty of counsel for the recorder seems to be their assumption that a court cannot properly function in any stage of a proceeding which involves a political question before an administrative body. But this is not the case. As stated by Davis, C. J., in
 
 Incorporated Village of Fairview
 
 v.
 
 Giffee,
 
 73 Ohio St., 183, 76 N. E., 865: “It seems to be assumed that the separation of executive, legislative and judicial powers is complete and distinct under the constitution. Theoretically it is so; but in practice it is not so and never was so; and by the best modern writers on political science it is recognized to be practically impossible to distinctly define the line of demarcation between the different departments of government.”
 

 In the case of
 
 Stanton, Pros. Atty.,
 
 v.
 
 State Tax Commission,
 
 114 Ohio St., 658, 151 N. E., 760, it was held that the statute conferring upon the court of common pleas jurisdiction to review orders of the state tax commission as a judicial question was not unconstitutional, and this judgment of the court of common pleas was reviewed on error proceedings in the Court of Appeals, and was then presented to this court.
 

 As pointed out in that decision, if there cannot be a judicial review of the proceedings of an administrative board, much of our machinery for checking inequities practiced by such boards is valueless. The legislature has provided for the judicial review of the orders of administrative boards in road and ditch cases, in dental cases, in cases involving orders of the secretary of agriculture, of the embalming examiner, of the state fire marshal, township trustees, and the county recorder, and error proceedings have been prosecuted from such judicial reviews not only to Courts of Appeals, but to this court.
 

 
 *576
 
 The fact that the Legislature has the power to invest the court of common pleas with such judicial authority is shown in the Constitution, which states in Article IY, Section 4, that, “The jurisdiction of the courts of common pleas, and of the Judges thereof, shall be fixed by law.”
 

 As pointed out, whatever the nature of the incorporation proceeding, the injunction proceeding is in its nature judicial. The court is to hear evidence upon hearing, and is to make judicial findings. It is significant that the order of the court of common pleas includes a “judgment” as to the payment of the costs. Section 3535, General Code. This indicates the legislative intent that the proceedings in the court of common pleas shall be judicial. Moreover, such proceedings in this state have constantly been held to be subject to judicial review. The method of providing for incorporation of villages existed before the adoption of the Constitution of 1912. While the injunction proceeding is statutory and special in its nature, since the initial enactment in 1852 (50 Ohio Laws, 225, Section 7, S.
 
 &
 
 C., 1495) of the section providing for application for injunction, it has always been held that the judgment of the court of common pleas in such proceeding is subject to judicial review, as indeed is the case in many other statutory proceedings.
 

 In the case of
 
 Shugars, Clerk,
 
 v.
 
 Williams,
 
 50 Ohio St., 297, 34 N. E., 248, error was prosecuted from a
 
 judgment of the court of common
 
 pleas upon a petition to annex territory, and from the Circuit Court to the Supreme Court of Ohio. In the case of
 
 Miner
 
 v.
 
 Witt, City Clerk, 82
 
 Ohio St., 237, 92 N. E., 21, the Circuit Court entertained error proceedings in an incorporation question. Hence we overrule the contention that the Court of Appeals has no jurisdiction to review the judgment of the court of common pleas denying the injunction in the incorporation proceeding.
 

 Counsel for the recorder next urge that the Court
 
 *577
 
 of Appeals has no power herein to reverse upon the weight of the evidence, and cite in this connection
 
 Hulbert
 
 v.
 
 Mason,
 
 29 Ohio St., 562, which held in the first paragraph of the syllabus as follows: “In an application under section 20 of chapter 2 of the municipal code, or under the provisions of chapter 55 or 56, to enjoin proceedings for the incorporation or annexation of territory, the case made before the commissioners, can not be retried upon its merits, and an injunction can not be allowed except for errors or irregularity in the proceeding, or inaccuracy in the description of territory sought to be incorporated or annexed.”
 

 The court in the opinion in that case states that the decision of the commissioners on the merits of the case is final. The
 
 Hulbert case,
 
 however, arose under the old form of the statute, which provided that any person interested eould file suit for injunction in the court of common pleas, setting forth in his petition the errors complained of or the inaccuracies of boundaries, or both. Hence at the time the
 
 Hulbert ease
 
 was adjudicated, the injunction could not be granted upon the general merits of the case. Since that decision was rendered, Section 3532 has been amended. In addition to the grounds theretofore existing for filing suit praying for injunction to restrain the enforcement of the decision of the county commissioners, the statute now provides that injunction may be granted upon a petition setting forth “that the limits of the proposed corporation are unreasonably large or small, or that it is not right, just, or equitable that the prayer of the petition presented to the board of commissioners be granted.” The statute in its present form, therefore, expressly authorizes a review of the entire case, not only for errors or irregularities, but also upon the merits of the controversy. Since we have held that the Court of Appeals has jurisdiction to review the judgment of the court of common pleas, the Court of Appeals necessarily under the present
 
 *578
 
 statute has jurisdiction to pass upon the merits of the controversy.
 

 Upon the question as to whether it was right, just and. equitable that the incorporation should be permitted, it was proper for the court to consider the exclusion of platted territory, at least as heavily populated as that of the proposed village, and immediately adjacent thereto. This fact was also a proper subject of consideration upon the question as to whether the limits of the proposed corporation were unreasonably small.
 

 Since the- Court of Appeals, acting within its power, reviewed the record and decided that the judgment of the court of common pleas was against the weight of the evidence, and since the record presents testimony supporting that conclusion, we affirm the decision of the Court of Appeals.
 

 Judgment affirmed.
 

 Jones, Matthias, Day, Kinkade and Stephenson, JJ., concur.
 

 Marshahl, C. J., not participating.