Per Curiam.

The petition in each case was filed pursuant to the provisions of Section 3532, General Code, which authorizes “any person interested” to “make application by petition to the Court of Common Pleas, or, if during vacation, to a judge thereof,” setting out certain matters with respect to the incorporation of a village and praying an injunction “restraining the recorder * * * making a record * * * and certifying the transcript,” as he is required to do by Section 3530, General Code. By Section 3531, General Code, it is provided that “no injunction shall be brought, as herein provided * * * unless the action be instituted within ten days from the filing of the papers by the trustees with the County Recorder.” By Section 3533, General Code, it is provided that “when the petition is filed, the person filing it shall give notice thereof, in writing, to the recorder and the agent of the petitioners for the corporation,” and that “on receiving such notice, the recorder shall forthwith transmit to the clerk of the court where the petition for injunction is pending, all the papers relating to the matter # * * and in that event” do nothing further “unless he receive a certificate from the clerk of the court showing that the injunction has been denied.”
Section 3534, General Code, reads in part:
“The court or judge shall cause the petition to be *305 filed and docketed in the office of the Clerk of the Courts, and shall hear the petition at such time as he shall appoint, not less than twenty days from the filing thereof. Upon such hearing the court or judge may hear evidence upon the matters and things averred in the petition. If no error is found in the proceeding * * * and if the court further finds * * * the petition for such injunction shall be dismissed * * (Italics supplied.)
Appellant recorder contends that there was no compliance with the above-quoted portion of that statute which is shown in italics.
Although the judge did ‘ ‘ cause the petition to be filed and docketed in the office of the Clerk of the Courts, ’ ’ the recorder argues that the performance of the duty imposed upon a judge by those words of the statute involves the exercise of judicial power, and that, in exercising such power, the court can speak only through its journal.
Obviously, that statute does contemplate the exercise of judicial power by the judge at the hearing provided for.therein (Geauga Lake Improvement Assn. v. Lozier, County Recorder, 125 Ohio St., 565, 182 N. E., 489); but such a hearing is not to take place until at least 20 days from the filing of the petition. By the words of the statute, the petition is not to be heard until that time.
It does not follow that, in every instance where a statute imposes a duty on a judge, the performance of'"’ that duty will involve the exercise of judicial power.
It is stated in paragraph two of the syllabus in City of Zanesville v. Zanesville Telegraph S Telephone Co., 64 Ohio St., 67, 59 N. E., 781, 83 Am. St. Rep., 725, 52 L. R. A., 150, that “the fact that a power is conferred by statute on a court * * * to be exercised by it in the first instance in a proceeding instituted therein, is, itself, of controlling importance as fixing the judicial *306 character of the power, and is decisive in that respect unless it is reasonably certain that the power belongs exclusively to the legislative or executive department. ’ ’
The power dealt with in that case and held there to involve an exercise of judcial instead of legislative power was (opinion, page 73) the “jurisdiction” conferred “on the Probate Court to direct the mode of constructing a telegraph or telephone line in the streets of a municipality when its authorities and the company are unable to agree”’ As indicated by paragraph four of the syllabus of that case the “proceeding upon” the “application” for exercise of that jurisdiction “is the exercise of a judicial function.” Likewise, in the instant cases, the hearing on the petitions may involve the exercise of a judicial function or the exercise of judicial power.
However, the statutory words that “the * * # judge shall cause the petition to be filed and docketed in the office of the clerk” imposes upon the judge a specific duty to do a specific act. Nothing is left to the discretion of the judge. The performance of that duty clearly does not involve the exercise of any judicial power. To use the words of paragraph two of the syllabus of the Zanesville ease, that “is reasonably certain.”
It follows that there was no necessity for journal entries ordering the clerk to file the petitions.

Judgments affirmed.

Weygandt, C. J., Middleton, Taet, Zimmerman, Stewart and Lamneck, JJ., concur.