BAUMHARDT ET AL., APPELLEES, *v.* MITCHELL, COUNTY RECORDER, ET AL., APPELLEES; RAUH, JR., ET AL., APPELLANTS.

(No. 1413—Decided March 26, 1958.)

*Mr. Andrew M. Keep* and *Mr. William G. Wickens,* for the motion.

*Messrs. Wilcox & Wilcox* and *Mr. Robert J. Corts,* contra.

HUNSICKER, P. J.  A notice of appeal on questions of law and fact was filed from a judgment granting a permanent injunction restraining the Recorder of Lorain County, Ohio, from making a record of the proceedings for the incorporation of Brownhelm village, Lorain County, Ohio.  The appeal is now pending in this court.

The appellees who were the plaintiffs, and also some who were the defendants, in the Court of Common Pleas, have filed a motion in this court "to dismiss this appeal as an appeal on questions of law and fact, and to set the same over as an appeal on questions of law only * * *, for the reason that this court is without jurisdiction to hear the same de novo as an appeal on questions of law and fact."

The petition in the instant case was filed under authority of Section 707.11, Revised Code, as amended effective July 18, 1957.  That section reads as follows:

"Within sixty days from the filing of the papers relating to the incorporation of villages by the board of county commissioners with the county recorder as provided by Sections 707.08 and 707.09 of the Revised Code, any person interested may make application by petition to the Court of Common Pleas, or, if during vacation, to a judge thereof, setting forth the errors complained of, or the inaccuracy of the boundaries, or that the name is the same as that of a municipal corporation already in existence in this state, or that the limits of the proposed corporation are unreasonably large or small, or that it is not right, just or equitable that the prayer of the petition presented to the board be granted, or containing any or all of such averments, and praying an injunction restraining the recorder from so making the record and certifying the transcript."

Under Section 3532, General Code, which was identical with the section of the Revised Code under consideration herein, except for the addition in the present section of the phrase "or that the name is the same as that of a municipal corporation al-

ready in existence in this state," a former Court of Appeals for Lorain County determined that:

"An action instituted in the Court of Common Pleas, under the provisions of Section 3532, General Code, challenging proceedings to incorporate a village, is not a 'chancery case' of which the Court of Appeals has jurisdiction on appeal under Section 6, Article IV, Constitution, 1912, notwithstanding Section 3532, General Code, authorizes injunction as an ancillary remedy to enforce the order of the court." *Sackett* v. *Irish, Recorder,* 11 Ohio App., 403.

The basis of the conclusion reached in the *Sackett* v. *Irish case, supra,* was the wording then found in Section 6, Article IV of the Constitution of Ohio, as amended in 1912. That wording said that:

"The Courts of Appeals shall have * * * appellate jurisdiction in the trial of chancery cases * * *."

The opinion of the court in the *Sackett* v. *Irish case, supra,* at pages 404 and 405, said:

"The Supreme Court of Ohio has already decided that the Legislature is powerless to increase or decrease the jurisdiction of this court so conferred by the Constitution. *Cincinnati Polyclinic* v. *Balch,* 92 Ohio St., 415.

"Is this a chancery case? Incorporation of villages was unknown to chancery courts. Section 3532, General Code, affords the remedy of injunction to the court to enforce its order in the the event the court finds in the proceedings any of the defects enumerated in the statute. We do not think that the provision of the statute affording a remedy of injunction as a means of enforcing the order of the court can operate to constitute this case a chancery case, or operate to transfer this purely statutory proceeding into one cognizable on appeal."

The statutory law, with respect to the incorporation of villages and the annexation of territory to already-existing municipalities, has undergone no great change throughout the years, except to make the problems arising therefrom judicial rather than political. See: *Geauga Lake Improvement Assn.* v. *Lozier, Recorder,* 125 Ohio St., 565, 182 N. E., 489.

In the year 1944, to be effective January 1, 1945, Section 6

of Article IV of the Constitution of Ohio was amended. This amendment says, in the pertinent part:

"The Courts of Appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, and such jurisdiction as may be provided by law to review, affirm, modify, set aside, or reverse judgments or final orders of boards, commissions, officers, or tribunals, and of courts of record inferior to the Court of Appeals within the district * * * ."

Thereafter, it was held that the jurisdiction of the Courts of Appeals remained as it was prior to this amendment, pending action by the Legislature to define the jurisdiction, authority for which was given by the amendment. *Youngstown Municipal Ry. Co.* v. *City of Youngstown,* 147 Ohio St., 221, 70 N. E. (2d), 649; *State* v. *Edwards,* 157 Ohio St., 175, 105 N. E. (2d), 259.

In 1955, effective October 4, 1955, the Legislature enacted Section 2501.02, Revised Code, which, in part, reads as follows:

"* * * In addition to the original jurisdiction conferred by Section 6 of Article IV, Ohio Constitution, the court shall have jurisdiction:

"Upon an appeal upon questions of law to review, affirm, modify, set aside or reverse judgments or final orders of courts of record inferior to the Court of Appeals within the district, including the finding, order or judgment of a Juvenile Court that a child is delinquent, neglected or dependent, for prejudicial error committed by such lower court.

"Upon an appeal on questions of law and fact the Court of Appeals, in cases arising in courts of record inferior to the Court of Appeals within the district, shall weigh the evidence and render such judgment or decree as the trial court could and should have rendered upon the original trial of the case, in the following classes of actions, seeking as a primary and paramount relief:

"* * *

"10. Injunction, accounting, subrogation or interpleader.

"In all cases not falling within the classes designated above the Court of Appeals shall have jurisdiction to proceed as in an appeal on questions of law only."

Does the petition herein seek, as its "primary and paramount relief," an injunction?

As we read the statute (Section 707.11, Revised Code), and the petition as filed herein, we can come to but one conclusion, which is that the only relief sought is the prevention of the recording and certification of the matters establishing the new village. Injunction is the only relief asked for and the only relief provided for by the statute.

We must therefore determine that, by virtue of the new statute on jurisdiction given to the Court of Appeals by the Legislature in 1955 (authorized by the amended Constitution), the within action may be properly brought to this court as an appeal on questions of law and fact.

It may be of interest herein to note that counsel for the appellees requested that the summons served on the defendant recorder be endorsed "Action for equitable and statutory relief." The summons was so endorsed.

The motion to dismiss the action herein as an appeal on questions of law and fact is denied.

*Motion denied.*

DOYLE, J., and STEVENS, J., concur.