[This decision has been published in *Ohio Official Reports* at 70 Ohio St.3d 365.]

IN RE PETITION FOR INCORPORATION OF THE VILLAGE OF HOLIDAY CITY:  BOARD OF TRUSTEES OF JEFFERSON TOWNSHIP ET AL., APPELLANTS, V. PETITIONERS FOR INCORPORATION OF THE VILLAGE OF HOLIDAY CITY ET AL., APPELLEES.

[Cite as *In re Petition for Incorporation of the Village of Holiday City*, 1994-Ohio-405.]

*Townships—Trustees may not challenge a board of county commissioners' decision involving a petition for incorporation through either an R.C. Chapter 2506 appeal or an R.C. 707.11 proceeding—Township trustees may not challenge a board of county commissioners' decision involving a petition for incorporation through either an R.C. Chapter 2506 appeal or an R.C. 707.11 proceeding.*

(No. 93-1115 -- Submitted May 25, 1994 -- Decided September 28, 1994.)

Appeal from the Court of Appeals for Williams County, No. 92WM000011.

———————

{¶ 1} This appeal arises from four separate cases filed in the Court of Common Pleas for Williams County.  The facts concerning this appeal are not in dispute.

{¶ 2} On July 16, 1991, various landowners residing in Jefferson Township, Williams County, Ohio, appellees, filed a petition with the Board of Commissioners of Williams County to incorporate an area of the township and establish a village to be known as Holiday City.[1]  Appellees are residents of the area in question.  On August 26, 1991, the board held a public hearing with respect to the petition.

———————

1.  In this case twenty-three landowners filed a petition proposing to incorporate a certain area within Jefferson Township as a village.  Under the law in effect when the petition was filed, to begin the incorporation procedure, a petition must be signed by a majority of adult freeholders within the territory proposed to be incorporated and it must contain specific information.  Former R.C. 707.02, Am.S.B. No. 221, 132 Ohio Laws, Part I, 353.  The petition is presented to the board of county commissioners, which files it with the county auditor.  Former R.C. 707.03, id. at 354.  A public hearing regarding the petition is then conducted by the commissioners.  R.C. 707.05 and 707.06.  At the hearing, "[a]ny person interested may appear, in person or by attorney, and contest the granting" of the petition.  R.C. 707.06.  If the board decides to grant the petition, the board's decision must be based on various factors. R.C. 707.07.  For example, the board must consider the "general good" of the community.  This includes the territory sought to be incorporated and the surrounding area.  Former R.C. 707.07(D) and (E)(3), 132 Ohio Laws, Part II, at 357.  The transcript of the board's order, if the petition is granted, is filed with the county recorder, R.C. 707.08, who is then required to file a copy of the record of the proceedings with the Secretary of State, R.C. 707.09.  However, within sixty days from the filing of the papers relating to the incorporation of a village by the board with the county recorder, "any person interested" may file an action with "the court of common pleas setting

**{¶ 3}** The August 26, 1991 hearing was attended by appellants, Board of Trustees of Jefferson Township, Howard Ames and Dale Holtrey. Ames and Holtrey are landowners and residents of the township, but they live outside the area sought to be incorporated. Also present and participating at the hearing was amicus curiae, Toledo Edison Company ("Toledo Edison"), which owns and maintains land within the area at issue. Appellants and Toledo Edison challenged the proposed incorporation.

**{¶ 4}** Following the hearing, the board granted the petition. Thereafter, appellants filed, in the Court of Common Pleas of Williams County, an R.C. Chapter 2506 appeal from the board's determination. This appeal was assigned case No. 91-CI-129 ("case No. 129"). In addition, appellants filed an R.C. 707.11 injunction proceeding, claiming that the board's decision was unreasonable and unlawful. Appellants requested that the trial court prohibit the Recorder of Williams County from making and filing a copy of the record of incorporation with the Ohio Secretary of State. Appellants' injunction action was assigned case No. 91-CI-143 ("case No. 143"). Meanwhile, Toledo Edison also filed, in the same court, a statutory injunction proceeding and an administrative appeal regarding the board's ultimate decision granting the petition. Toledo Edison's R.C. 707.11 action was assigned case No. 91-CI-125 ("case No. 125") and its R.C. Chapter 2506 appeal case No. 91-CI-128 ("case No. 128").

**{¶ 5}** Subsequently, appellees filed motions to dismiss appellants' administrative appeal and statutory injunction action (case Nos. 129 and 143). The trial court issued separate judgment entries granting these motions and, citing *In re Appeal of Bass Lake Community, Inc.* (1983), 5 Ohio St.3d 141, 5 OBR 273, 449 N.E.2d 771, determined that the township trustees lacked standing to pursue an administrative appeal from the board's decision, or to oppose the incorporation of the village under R.C. 707.11. The trial court made a similar determination with respect to Ames and Holtrey. On February 20, 1992, appellants appealed the judgments of the trial court, regarding case Nos. 129 and 143, to the Court of Appeals for Williams County.

---

forth the errors complained of or claiming the decision of the board is unreasonable or unlawful, and praying an injunction restraining the recorder from making the record and filing a copy of the record with the secretary of state pursuant to section 707.09 of the Revised Code." R.C. 707.11. Further, R.C. 707.28 provides for a division of township property and funds when an incorporation is eventually granted. To obtain a division, the village must file an application with the probate court. Id.

{¶ 6} On March 4, 1992, appellants also moved to intervene in both Toledo Edison cases (case Nos. 125 and 128). The trial court, in separate judgment entries, denied appellants' motions. As a result, appellants appealed those judgments to the court of appeals.[2]

{¶ 7} On March 4 and April 22, 1992, the court of appeals, sua sponte, consolidated all four cases, assigning the appeals as case No. 92WM000011. The court of appeals affirmed the judgments of the trial court, finding that the court did not err in dismissing case Nos. 129 and 143 or denying appellants' motion to intervene in case Nos. 125 and 128.

{¶ 8} This cause is now before the court pursuant to the allowance of a motion to certify the record.

_____

*Gary F. Kuns* and *Robert C. Battin*, for appellants.

*David W. Zoll & Associates*, *David W. Zoll* and *Michelle L. Kranz*, for appellees.

*Fuller & Henry*, *Craig J. Van Horsten*, *Mary Ann Whipple* and *Lance M. Keiffer*, urging reversal for *amicus curiae*, Toledo Edison Company.

_____

**DOUGLAS, J.**

{¶ 9} The issue before this court is whether R.C. 707.11 and R.C. Chapter 2506 present potential avenues of review available to township trustees and individual property owners to challenge a board of county commissioners' decision granting a petition for incorporation of a village. Specifically, appellants claim that the trial court erred in denying them standing to bring an R.C. Chapter 2506 appeal in case No. 129, to pursue an R.C. 707.11 injunction action in case No. 143, and to participate in case Nos. 125 and 128[3] involving Toledo Edison. For the sake of clarification with respect to the applicable law, we have categorized appellants into two classes, the trustees and the individual property owners.

---

2. An interesting question exists as to whether a denial of a motion to intervene is a final appealable order under R.C. 2505.02 and what import, if any, Civ.R. 54(B) has for such denial. These issues, however, were never raised and, therefore, we make no further comment.

3. On October 1, 1993, the trial court dismissed Toledo Edison's R.C. Chapter 2506 appeal (case No. 128).

A.  Township Trustees

{¶ 10} Although we have not specifically dealt with the questions raised by appellants' contentions involving incorporation disputes, this court has, on various occasions, reviewed the statutory scheme concerning Ohio's annexation law and evaluated remedies available to township trustees and others in annexation proceedings. We are fully aware that annexation and incorporation are different concepts and, in some instances, present different policy considerations. However, we believe that a brief review of some of our decisions in the area of annexation lends insight into whether township trustees have standing to oppose a board of county commissioners' decision granting a petition for incorporation.

{¶ 11} In *In re Appeal of Bass Lake Community, Inc.*, supra, this court held that township trustees do not have standing under R.C. 307.56 and 2506.01 to participate in an appeal from a decision of a board of county commissioners denying an annexation petition, but that the trustees do have standing to pursue an R.C. 709.07 injunction proceeding where a petition for annexation has been granted. The township trustees in *Bass Lake* argued that the 1980 amendments to R.C. Chapter 709, when read in conjunction with R.C. 505.62 (which was enacted at the same time as amendments to R.C. Chapter 709, Am.S.B. No. 151, 138 Ohio Laws, Part I, 409), granted them the right to participate in an R.C. Chapter 2506 appeal of the county commissioners' decision in an annexation proceeding. At the time, R.C. 505.62 authorized township trustees to appropriate funds for representation by an attorney at annexation proceedings before a board of county commissioners and upon any appeal of a board's decision brought pursuant to R.C. 709.07.

{¶ 12} We disagreed with the trustees' contentions in *Bass Lake* and determined that R.C. 505.62 "clearly provides that the use of an attorney to represent the township upon an appeal is permitted solely when the appeal is pursuant to R.C. 709.07. That is not the present case. Appellees' [the petitioning landowners'] appeal was taken under the authority of R.C. Chapter 2506, not as an R.C. 709.07 proceeding." *Id.*, 15 Ohio St.3d at 143, 5 OBR at 275, 449 N.E.2d at 774. We further explained that:

"From these provisions it can be seen that the General Assembly has afforded a considerable right of appeal to those whose rights are directly

affected. In contrast, the General Assembly has provided a carefully limited form of relief for other persons to oppose an annexation petition which has been granted. The General Assembly intended these other persons to contest the petition only by meeting the stiffer standards required for an injunction and thus R.C. 709.07 is their sole remedy. There is no protection afforded the township trustees under R.C. Chapter 2506."

*Id*. at 144, 5 OBR at 276, 449 N.E.2d at 774.

{¶ 13} In response to our decision in *Bass Lake*, the General Assembly amended R.C. 505.62. As a result, township trustees can now appropriate funds for any appeal of a board's decision pursuant to R.C. 709.07 or R.C. Chapter 2506. In addition, the General Assembly specifically added the language, "The board of township trustees * * * has standing in any appeal of the board of county commissioners' decision on the annexation of township territory that is taken pursuant to section 709.07 or Chapter 2506. of the Revised Code * * *." (Emphasis added.) R.C. 505.62 (see 140 Ohio Laws, Part I, 2196). Interpreting this amendment, this court has held that township trustees may appeal a board of county commissioners' denial of a petition for annexation through an R.C. Chapter 2506 appeal, but R.C. 709.07 provides the exclusive remedy for those who challenge a board's approval of a petition. *See In re Annexation of 311.8434 Acres of Land* (1992), 64 Ohio St.3d 581, 597 N.E.2d 460[4]; see, also, *In re Annexation of 466.112 Acres of Land* (1992), 65 Ohio St.3d 226, 602 N.E.2d 1136; compare *In re Petition to Annex 320 Acres to the Village of S. Lebanon* (1992), 64 Ohio St.3d 585, 597 N.E.2d 463.

{¶ 14} In essence, *Bass Lake* and its progeny reinforce the well-settled principle that township trustees can exercise only those powers granted by the General Assembly. See, also, *Trustees of New London Twp. v. Miner* (1875), 26 Ohio St. 452, 456 ("[N]either the township nor its trustees are invested with the general powers of a corporation; and hence the trustees can exercise only those powers conferred by statute, or such others as are necessarily to be implied from those granted, in order to enable them to perform the

---

4. Upon reflection, we recognize that the facts of In re Annexation of 311.8434 Acres of Land (1992), 64 Ohio St.3d 581, 597 N.E.2d 460, were that the county commissioners had approved the annexation in question and the issue in that case was not whether the trustees could participate in some action questioning the commissioners' action denying an annexation.

duties imposed upon them."); and *Geauga Cty. Bd. of Commrs. v. Munn Rd. Sand & Gravel* (1993), 67 Ohio St.3d 579, 621 N.E.2d 696 (Local authorities, such as counties and other entities, absent home rule authority, may exercise only those powers affirmatively granted by the General Assembly.). Therefore, the question we are confronted with is whether the General Assembly conferred upon the township trustees statutory authority to pursue an R.C. Chapter 2506 appeal from the decision of the board of county commissioners or challenge the decision by way of an R.C. 707.11 action.

{¶ 15} As is evident, the General Assembly has cloaked township trustees with certain remedies under R.C. 505.62 regarding annexation proceedings. However, there is no specific statutory counterpart to R.C. 505.62 with respect to a decision by a board of county commissioners involving the incorporation of a village. Further, we have reviewed R.C. Chapter 707 and R.C. Chapter 2506 and there is nothing within those statutory schemes that provides appellants with standing to seek review of a board's decision involving incorporation matters. Therefore, absent a specific directive from the General Assembly, township trustees are powerless to pursue an R.C. Chapter 2506 appeal or bring an R.C. 707.11 injunction action challenging a board's decision.

{¶ 16} Appellants also take issue with the holdings of the trial court denying it the opportunity to participate in matters involving Toledo Edison. However, as is the case with an administrative appeal and an R.C. 707.11 proceeding, the General Assembly has not provided township trustees with the authority to intervene under Civ.R. 24. Moreover, there is no right to participate in an appeal from an order of the county commissioners where those who seek to intervene are precluded from appealing in their own right. *See Bass Lake*, supra, 5 Ohio St.3d at 144-145, 5 OBR at 276, 449 N.E.2d at 775 ("No other statutory authority gives township trustees the right to intervene in an R.C. Chapter 2506 appeal. Appellants are not necessary parties under R.C. 2506.01 because they possess no rights which have been adjudicated. Lacking authority to intervene, appellants lack standing to participate in the current appeal.").

{¶ 17} In light of the foregoing, we find that township trustees may not challenge a board of county commissioners' decision involving a petition for incorporation through either an R.C. Chapter 2506 appeal or an R.C. 707.11 proceeding. Thus, we find that the

trial court did not err in dismissing the township trustees' actions in case Nos. 129 and 143, and denying the trustees' request to intervene in case Nos. 125 and 128.

## B. Individual Property Owners

{¶ 18} We are also presented with the question of whether Ames and Holtrey may utilize R.C. Chapter 2506 and R.C. 707.11 to challenge the board's decision. Ames and Holtrey, while residents of the township, do not own land within the area approved by the board to be incorporated. In fact, both landowners reside at least seven miles from the area in question. Notwithstanding, we agree with the court of appeals that even though appellants Ames and Holtrey do not own land or reside within the territory at issue, those facts alone are not sufficient to deny them standing to challenge the board's decision. See, generally, *Geauga Lake Improvement Assn. v. Lozier* (1932), 125 Ohio St. 565, 182 N.E. 489[5]; and R.C. 707.06 and 707.07(D). Rather, the right to seek review of a board's decision is subject to limitations contained in R.C. 707.11 and 307.56.

{¶ 19} R.C. 707.11 sets forth that only those persons who are "interested" may challenge a board's decision. On the other hand, R.C. 307.56 provides that persons must be "aggrieved" by the decision in order to appeal to the common pleas court under R.C. Chapter 2506. Further, R.C. 2506.01 limits the availability of an appeal to those whose "rights, duties, privileges, benefits, or legal relationships" are adversely affected. We have construed R.C. Chapter 2506 to permit appeals only by those who are directly affected by the administrative decision. *See Bass Lake*, supra, 5 Ohio St.3d at 144, 5 OBR at 276, 449 N.E.2d at 774. See, also, *Schomaeker v. First Natl. Bank of Ottawa* (1981), 66 Ohio St.2d 304, 311-312, 20 O.O.3d 285, 290, 421 N.E.2d 530, 537.

{¶ 20} Regardless of whether appellants are seeking a remedy under R.C. 707.11 or 307.56, they are, for all practical purposes, appealing the board's decision. In *Ohio Contract Carriers Assn. v. Pub. Util. Comm.* (1942), 140 Ohio St. 160, 23 O.O. 369, 42 N.E.2d 758, syllabus, we held that "[a]ppeal lies only on behalf of a party aggrieved by the final order appealed from. Appeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting appellant." In reaching this

---

5. Geauga Lake Improvement Assn. v. Lozier (1932), 125 Ohio St. 565, 182 N.E. 489, involved a predecessor statute to R.C. 707.11. Although Geauga Lake did not involve the issue of standing, a close reading of that decision indicates that adjacent property owners of the area sought to be incorporated would not be denied standing to challenge the allowance of a petition for incorporation.

holding, we explained that the party appealing must have a "'present'" and "'substantial'" interest in the subject matter of the litigation and must be "'aggrieved or prejudiced'" by the decision. *Id.* at 161, 23 O.O. at 369, 42 N.E.2d at 759. We further recognized that such an interest must affect a substantial right and it must be "'immediate and pecuniary, and not a remote consequence of the judgment; a future, contingent or speculative interest is not sufficient.'" *Id.*

{¶ 21} Ames and Holtrey suggest they are interested and aggrieved persons by virtue of their status as landowners living in the township. The crux of appellants' discontent with the board's decision granting the incorporation is that the township's tax base and governmental services may decrease if the village of Holiday City files for a division of township property and funds under R.C. 707.28, or petitions for removal of the village from the township pursuant to R.C. Chapter 503. Appellants' concerns are speculative at best and fail to expose a present interest in the matters at issue. A board's decision to grant or deny a petition for incorporation involves an entirely different procedure from that of an R.C. 707.28 proceeding. Furthermore, even assuming arguendo that the village decides to file in the probate court for a division of township property and funds, the harm alleged by appellants appears to be nothing more than a generalized grievance shared by a large class of citizens. See, generally, *Warth v. Seldin* (1975), 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343, 354; and *Valley Forge Christian College v. Americans United for Separation of Church & State* (1982), 454 U.S. 464, 102 S.Ct. 752, 70 L.Ed.2d 700.

{¶ 22} For the foregoing reasons, we conclude that Ames and Holtrey are neither interested nor aggrieved persons. Accordingly, we find that the court of appeals properly determined that appellants lacked standing to contest the board's decision in case Nos. 129 and 143. Further, appellants have failed to demonstrate that their interests are sufficient to permit them to participate in case Nos. 125 and 128.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, KOEHLER and F.E. SWEENEY, JJ., concur.

WRIGHT and PFEIFER, JJ., dissent.

RICHARD N. KOEHLER, J., of the Twelfth Appellate District, sitting for RESNICK, J.

————————————

**PFEIFER, J., dissenting**.

{¶ 23} If township trustees do not have standing to challenge a county commissioners' determination of what constitutes the community good, then who does?

{¶ 24} R.C. 707.11 provides that "any person interested" may judicially challenge an incorporation approved by the county commissioners. Of course, while R.C. 707.11 confers on any person interested the right to seek the prescribed injunction, the provision does not define the meaning of "person interested." Instead of looking to annexation law, we may determine the meaning of "person interested" by considering other provisions of Ohio's incorporation statutes which, are to be read in pari materia with R.C. 707.11.

{¶ 25} R.C. 707.07 lists the various findings which the county commissioners must make before they may enter an order approving an incorporation. R.C. 707.07(D) and former R.C. 707.07(E) specifically require that before an incorporation may be approved, the county commissioners must first determine that "the general good of the community, including both the proposed municipal corporation and the surrounding area, will be served if the incorporation petition is granted." (Emphasis added.)

{¶ 26} The plain language of the statute indicates that in an incorporation proceeding the county commissioners must consider the interests of not only persons within the proposed village, but also of persons in the surrounding township.

{¶ 27} To ensure a proper determination of the community good, R.C. 707.06 requires the county commissioners to hold a public hearing on the merits of the incorporation:

{¶ 28} "The hearing provided for in section 707.05 of the Revised Code shall be public. Any person interested may appear, in person or by attorney, and contest the granting of the prayer of the petition provided for by section 707.02 of the Revised Code, and affidavits presented in support of or against the prayer of such petition shall be considered by the board."

{¶ 29} Again, "person interested" is not defined in R.C. 707.06. But when read together with R.C. 707.07(D) and (E), R.C. 707.06 calls for a public hearing where the interests of the surrounding area will be heard, as well as the interests of the proposed village. If the hearing is public, and the good of the entire community is to be discussed, those in the surrounding community necessarily are entitled to be heard. Trustees, elected

to represent the township and to oversee its government, finances and development, thus must be "persons interested" pursuant to R.C. 707.06, and therefore have standing in litigation concerning the incorporation.

{¶ 30} When R.C. 707.06 and R.C. 707.11 are read in pari materia, it is clear that those persons entitled to speak as "persons interested" under R.C. 707.06 are also "persons interested" under R.C. 707.11, and have the right to commence the statutory injunction proceeding. The only way to ensure that the commissioners live up to their statutory mandate to consider the good of the surrounding area is to grant interested persons from the surrounding area the right to challenge the commissioners' ruling.

{¶ 31} The majority errs in looking to annexation law for guidance in determining this question of incorporation. The protection of the surrounding community is absent from Ohio's annexation provisions. R.C. 709.07, like R.C. 707.11, permits a person interested to commence a statutory injunction proceeding. However, the annexation statutes specifically permit the commissioners to consider only "the general good of the territory sought to be annexed." R.C. 709.033(E). This crucial difference from incorporation law leaves township trustees outside the scope of the phrase "person interested" under Ohio's annexation statutes.

WRIGHT, J., concurs in the foregoing dissenting opinion.

_____