**In re Petition for INCORPORATION OF VILLAGE OF HOLIDAY CITY.\***

[Cite as *In re Petition for Incorporation of Holiday City* (1995), 106 Ohio App.3d 458.]

Court of Appeals of Ohio,
Sixth District, Williams County.

No. WM–93–017.

Decided Sept. 22, 1995.

*Craig J. Van Horsten, Mary Ann Whipple* and *Lance M. Keiffer,* for appellant and cross-appellee Toledo Edison Company.

*David W. Zoll* and *Michelle L. Kranz,* for appellees and cross-appellants Williams County Board of Commissioners et al.

ABOOD, Presiding Judge.

This is an appeal from a judgment of the Williams County Court of Common Pleas which dismissed the appeal of appellant and cross-appellee, Toledo Edison Company ("Toledo Edison"), from the decision of appellee Williams County Board

---

\* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1996), 74 Ohio St.3d 1513, 659 N.E.2d 1289.

of Commissioners ("county commissioners") that granted a petition to incorporate the village of Holiday City.

On appeal, appellant sets forth the following assignment of error:

"ASSIGNMENT OF ERROR: The Williams County Court of Common Pleas erred in dismissing the Toledo Edison Company's administrative appeal because it has the right to challenge the orders of the Williams County Commissioners approving the incorporation of the Village of Holiday City under the correct interpretation of Chapter 2506 of the Ohio Revised Code and other relevant statutes."

The undisputed facts that are relevant to the issues raised on appeal are as follows. On July 16, 1991, a petition to incorporate the village of Holiday City was filed with the county commissioners by those residents who lived within the proposed area of incorporation. On August 26, 1991, the county commissioners held a public hearing on the petition pursuant to R.C. Chapter 707 and, on September 26, 1991, they granted the petition of incorporation.

On October 22, 1991, appellant filed a "petition for injunction" in the Williams County Court of Common Pleas, pursuant to R.C. 707.11, which sought to restrain the county recorder from making and filing a copy of the record of the incorporation proceedings with the Secretary of State pursuant to R.C. 707.09 (case No. 91CI000125). On October 23, 1991, appellant filed, in the Williams County Court of Common Pleas, a "notice of appeal" from the decision of the county commissioners, pursuant to R.C. 307.56 and R.C. Chapters 2505 and 2506 (case No. 91CI000128).[1]

On October 25, 1991 appellees, petitioners for the incorporation of Holiday City, Ohio ("Incorporators"), filed a motion to dismiss the appeal and a memorandum in support thereof in which they asserted that R.C. 707.11 is appellant's "exclusive remedy" and that appellant "lacks standing" to pursue this appeal. On

---

1. On October 23, 1991, the Jefferson Township Trustees ("Trustees") and landowners Dale Holtrey and Howard Ames filed a "notice of appeal" from the county commissioners' decision, and, on November 22, 1991, they filed a "petition for injunction." Both of those cases, as well as two more cases in which the Trustees, Holtrey and Ames sought to intervene in Toledo Edison's cases, were dismissed by the trial court. On April 16, 1992, the trial court filed an order staying all further court proceedings in Toledo Edison's two cases and enjoining the county recorder from making and filing a copy of the record with the Secretary of State or from taking any action on the petition for incorporation pending the appeal to this court. On April 22, 1992, this court *sua sponte* consolidated all four appeals and on March 31, 1993, this court filed an opinion and judgment entry in which it affirmed the trial court's dismissal of the cases filed by the Trustees, Holtrey and Ames, who then filed a timely appeal to the Ohio Supreme Court. On January 10, 1994 the trial court again stayed all proceedings in this case, pending the outcome of the other parties' appeal. See *In re Petition for Incorporation of Holiday City* (Mar. 31, 1993), Williams App. No. 92WM000011, unreported, and *In re Petition for Incorporation of Holiday City* (1994), 70 Ohio St.3d 365, 639 N.E.2d 42.

October 31, 1991, the county commissioners also filed a motion to dismiss the appeal and a memorandum in support. On December 20, 1991, the county commissioners filed a "motion for leave and motion to dismiss and memorandum in support" and on the same day the trial court filed a judgment entry which dismissed the county commissioners as parties in this case. On January 22, 1992, the trial court filed a judgment entry in which it found that "the [Incorporators'] motion to dismiss in the within case is found to be without merit and is hereby overruled."

On June 29, 1993, the Incorporators filed a second "motion to dismiss" in which they asserted that R.C. 707.11 is appellant's exclusive remedy pursuant to the decision of the Ohio Supreme Court in *In re Petition to Annex 320 Acres to S. Lebanon* (1992), 64 Ohio St.3d 585, 597 N.E.2d 463, a case which was "not before [the trial court] when Incorporators' previous Motion to Dismiss Toledo Edison's R.C. 2506 appeal was ruled upon." On July 15, 1993, appellant filed a "memorandum in opposition to appellee petitioners' second motion to dismiss" and, on July 26, 1993, the Incorporators filed a reply.

On September 29, 1993, the trial court filed a judgment entry in which it found that (a) appellant has filed two distinct actions in this case: one pursuant to R.C. 707.11 and one pursuant to R.C. Chapter 2506; and (b) it was confronted with a situation similar to that in *320 Acres, supra,* in that the "two statutes * * * appear on their face to be varying remedies to challenge an incorporation decision made by a Board of County Commissioners." Accordingly, the trial court found that "Revised Code [Chapter] 707 is an exception to Revised Code [Chapter] 2506 and takes precedence over Revised Code [Chapter] 2506. Chapter 707 becomes the exclusive remedy to challenge the action of incorporators under circumstances as are presently before the Court." The court then dismissed the appeal. On October 22, 1993, appellant filed a timely notice of appeal.

In support of its sole assignment of error, appellant asserts that the trial court erred by finding that R.C. 707.11 "prohibits opponents of a proposed incorporation from challenging an order of incorporation through an administrative appeal" because (a) pursuant to R.C. 1.51, a special statutory provision will prevail over a general provision unless "the general provision is the later adoption and the manifest intent is that [it] prevail"; (b) R.C. Chapter 2506 was enacted later in time than R.C. 707.11 and therefore appellant is entitled to pursue both an administrative appeal and an statutory injunction; and (c) it was the intent of the Ohio legislature to allow administrative appeals in such cases, since R.C. 2506.01 clearly states that "[t]he appeal provided in this chapter is in addition to any other remedy of appeal provided by law." Appellant also asserts that it has long been public policy in Ohio to "[discourage] incorporation and [make] it more difficult to accomplish than annexation" and therefore the trial court incorrectly

relied upon *320 Acres, supra,* 64 Ohio St.3d 585, 597 N.E.2d 463, when it dismissed appellant's appeal, since that case involved a reconciliation of the provisions of R.C. Chapter 2506 with R.C. 709.07, which governs annexation, not incorporation, proceedings.

Appellees respond that, pursuant to R.C. 1.51, an R.C. 707.11 injunction proceeding is the only method by which appellants may challenge the county commissioners' decision since (a) R.C. Chapter 2506 was enacted in its present form in 1957 and subsequent changes to it in 1987 were "only minor procedural and technical modifications," and (b) "[t]he proper enactment date of R.C. 707.11 is 1967 since in that year, the standard of review for an incorporation petition was substantially changed from a showing that it is 'not right, just, or equitable,' to one that it is 'unreasonable or unlawful.'" Appellees further respond that "there is absolutely no evidence that the General Assembly intended that R.C. [Chapter] 2506 prevail over or be considered concurrently with R.C. 707.11," and "it is not logical to assume that the General Assembly intended to prevent the incorporation of areas nowhere near existing cities." [2]

Appellant replies that (a) R.C. 707.11 was not substantially changed in 1967, since "the term 'reasonable' *is synonymous* with the terms 'equitable' and 'fair' " and therefore its effective date for purposes of this appeal is 1896; and (b) "[t]he General Assembly's intent concerning Chapter 2506 could not be any plainer than its explicit statement in R.C. 2506.01 that *the appeal provided in this chapter is in addition to any other remedy of appeal provided by law.*" (Emphasis *sic.*)

There are no Ohio cases dealing directly with the issue of whether a party may appeal incorporation orders through both R.C. 707.11 and R.C. Chapter 2506. This court will therefore first examine the procedure for incorporation of a municipality and the statutes which provide avenues through which the granting or denial of an incorporation may be challenged, and then examine the case law that has dealt with the appellate rights of parties to annexation proceedings and its applicability in this case.

The procedure for the incorporation of a municipality is governed by R.C. Chapter 707. Generally, a petition signed by a majority of the electors residing in the proposed area to be incorporated is filed with the board of county commissioners. R.C. 707.01 and 707.02. The petition must contain information such as a description of the area of the proposed municipal corporation and its assessed value, a statement by the Secretary of State that the name proposed in the petition is unique in the state and a statement of "whether or not the

---

2. Appellees' additional response, that "[a]ppellant Toledo Edison does not have standing to pursue an appeal under R.C. [Chapter] 2506," was withdrawn at oral argument and will therefore not be considered by this court as part of this appeal.

proposed municipal corporation contains and includes territory within three miles of any portion of the boundary of an existing municipal corporation." R.C. 707.02(A) through (F).

After the petition is filed, a public hearing is held by the board of county commissioners at which any interested person may appear, in person or represented by an attorney, to contest the petition or present affidavits in support of or against it. R.C. 707.06. After the hearing, the board shall grant the petition if it finds, pursuant to R.C. 707.07, that:

"(A) The petition contains all the matters required in section 707.02 of the Revised Code and the statements in the petition are true.

"(B) Notice has been published as is required by section 707.05 of the Revised Code.

"(C) The number of valid signatures on the petition constituted fifty-one per cent of the electors within the territory proposed to be incorporated, as determined by the total number of votes cast within that territory for the office of governor at the preceding general election for that office.

"(D) The territory included in the proposed municipal corporation is compact and is not unreasonably large; municipal services, such as police and fire protection, street construction and maintenance, sanitary and storm sewers, planning, zoning, and subdivision control, and parks and recreational facilities are capable of being financed by the proposed municipal corporation with a reasonable local tax, using the current assessed valuation of properties as a basis of calculation; and the general good of the community, including both the proposed municipal corporation and the surrounding area, will be served if the incorporation petition is granted."

If the petition is granted, the county recorder files the transcript in his office and, sixty days later, files a copy of the entire record with the Secretary of State. R.C. 707.09. Pursuant to R.C. 707.11, any interested person may, within the sixty-day waiting period, file a petition in the court of common pleas "setting forth the errors complained of or claiming the decision of the board is unreasonable or unlawful, and praying an injunction restraining the recorder from making the record and filing a copy * * * with the secretary of state * * *." If the common pleas court finds that error was committed or the county commissioners' decision was "unreasonable or unlawful" it shall enjoin the county recorder from filing the record with the Secretary of State. R.C. 707.14.

In this case, appellant has filed a petition for injunction pursuant to R.C. 707.11 in the court of common pleas and, in addition, has filed an administrative appeal pursuant to R.C. 307.56 and Chapter 2506.

R.C. 307.56 provides that:

"A person aggrieved by the decision of the board of county commissioners may appeal to the court of common pleas, as provided by and under the authority of Chapter 2506 of the Revised Code.  * * * "

R.C. 2506.01 provides, in pertinent part, that:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas * * *.

"The appeal provided in this chapter is in addition to any other remedy of appeal provided by law.

"A 'final order, adjudication, or decision' means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person * * *."

After conducting such a review, the court of common pleas may "find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record.  Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court.  * * * " R.C. 2506.04.

It is undisputed in this case that a conflict exists between the more specific remedy under R.C. 707.11 and the general right to an administrative appeal pursuant to R.C. 2506.01.  In order to resolve such a conflict, this court must look to R.C. 1.51, which states that:

"If a general [statutory] provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both.  If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."

In *In re Petition to Annex 320 Acres to S. Lebanon, supra,* 64 Ohio St.3d 585, 597 N.E.2d 463 ("*320 Acres* "), the Ohio Supreme Court considered whether Cincinnati Milacron, a landowner in the proposed area to be annexed, could challenge the granting of an annexation petition by the board of county commissioners under both R.C. 709.07 and R.C. 2506.01 and held that "R.C. 709.07 provides the exclusive remedy for persons who challenge a board of county commissioners' approval of a landowners' [*sic* ] annexation petition." *Id.* at paragraph one of the syllabus.

In *320 Acres*, the Supreme Court first noted that, pursuant to R.C. 1.54, "[a] statute which is reenacted or amended is intended to be a continuation of the prior statute and not a new enactment, so far as it is the same as the prior statute." It then analyzed R.C. 709.07, which was "enacted in 1967 and amended in 1978 and 1980," and R.C. Chapter 2506, which was enacted in 1957 amended in 1987, under the test set forth in R.C. 1.51 and concluded that even assuming *arguendo* that R.C. Chapter 2506 underwent substantive changes in 1987 which effectively caused it to be adopted later in time, it still could not prevail over R.C. 709.07 unless such a result was the "manifest intent" of the legislature. *Id.* at 594–595, 597 N.E.2d at 469–470. The court ultimately found in that case that the legislature did not intend for the general provisions of R.C. Chapter 2506 to prevail over the more specific provisions of R.C. Chapter 709, since " 'the ultimate focus of annexation proceedings [is] on "the general good of the territory sought to be annexed," and requires granting of the petition when it is shown that such benefit will result.' " *Id.* at 596, 597 N.E.2d at 471.

In making a comparison of the provisions of R.C. Chapters 709 and 707 such as the one required in this case, it is significant to note that although "the policy reflected therein is to favor annexations over incorporations since in a sense annexation represents growth and incorporations represents fragmentation, * * * this does not mean that the policy considerations that inhere in Chapter 709 are absent from Chapter 707. * * * " *In re Petition for Incorporation of Holiday City* (Mar. 31, 1993), Williams App. No. 92WM000011, unreported, 1993 WL 93499 ("*Holiday City I* "). In *Holiday City I,* a case involving an earlier appeal from this same incorporation proceeding, this court found that:

"A comparison of these two Chapters of the Revised Code reveal the following: (1) although the class of persons eligible to petition for annexation under R.C. 709.02 is more inclusive than those eligible to petition for incorporation under R.C. 707.02, the same class of persons eligible to petition for annexation to a municipal corporation under R.C. 709.02 are also eligible to petition for detachment from a municipal corporation under R.C. 709.38; (2) although R.C. 707.07(D), unlike R.C. 709.033, requires the county commissioners to also consider the general good of 'the surrounding area,' both sections became effective on December 1, 1967, and both seriously limited the discretion formerly enjoyed by the county commissioners in issuing orders of incorporation and annexation under R.C. 707(I) [3]; and (3) although the burden of proof borne by an opponent of annexation under R.C. 709.07 is greater than that borne by an opponent of

---

**3.** "Prior to December 1, 1967, R.C. 709.03 governed the procedure for ordering an annexation and provided that the commissioners follow the procedure for ordering an incorporation which, at that time, pursuant to R.C. 707.07(I), 130 v 223, effective 9–10–63, only required a finding that '[i]t is right that the prayer of the petition be granted.' " *Holiday City I, supra.*

incorporation under R.C. 707.11, (a) only a ' * * * person interested may make application * * *' for injunctive relief under R.C. 707.11 whereas under R.C. 709.07, any person interested and ' * * * any other person who appeared in person or by an attorney in the hearing * * *' before the county commissioners may petition for injunctive relief, and (b) both R.C. 709.07 and 707.11 offer less relief to an opponent than is afforded under R.C. 2506.04."

Accordingly, "[i]t is clear from the foregoing that the general policy considerations that are expressed in the provisions of R.C. Chapter 709 are also reflected in the provisions of R.C. Chapter 707." *Holiday City I, supra.*

Upon consideration of the entire record of proceedings in this case and the law as set forth above, this court finds that (a) the remedy provided by R.C. 707.11 is analogous to that provided by R.C. 709.07;  (b) the legislature did not intend that the general provisions of R.C. Chapter 2506 should prevail over the more specific provisions of R.C. Chapter 707;  and (c) R.C. 707.11 takes precedence, as a matter of law, over R.C. Chapter 2506 in cases in which a party challenges the decision of a board of county commissioners approving a petition for incorporation of a municipality.  Accordingly, appellant's sole assignment of error is not well taken.

On consideration whereof, this court finds further that substantial justice has been done the party complaining and this case is affirmed as to the judgment of the Williams County Court of Common Pleas.  Court costs of these proceedings are hereby assessed to appellant.

*Judgment affirmed.*

HANDWORK and MELVIN L. RESNICK, JJ., concur.